NOBLE W. HARISON AND WILLIAM H. HARISON, APPEL-
LANTS, v. OCALA BUILDING AND LOAN ASSOCIATION AND
W. W. CLYATT, APPELLEES.

1. To an appeal from a decree dismissing an interventlion all
   the complainants in the original bill whose interests
   would probably be affected by a reversal of the decree
   are necessary parties.

2. When a building and loan association is being administered
   by a receiver on bill filed by certain stockholders, the
   association does not represent those stockholders in an
   appeal from a dismissal of an intervention filed by others
   claiming to be stockholders.

3. All parties jointly interested in a joint decree should be
   made parties to an appeal therefrom.

This case was decided by Division A.

Appeal from the Circuit Court for Marion County.

The facts in the case are stated in the opinion of the
court.

*Allred & Davis,* for Appellants;

*R. A. Burford* and *H. M. Hampton,* for Appellees.

COCKRELL, J.: By leave of court the Harisons filed in the
Circuit Court for Marion county what they term their
"dependent original bill of complaint" against W. W. Cly-
att, Jr., H. B. Clarkson, Amadee E. Delouest, the Ocala
Building and Loan Association, a corporation, and Gor-
don W. Scott, as secretary of the association. The affairs

of the association were then being administered in that court through its receiver upon a stockholder's bill brought by Clyatt, Clarkson and Delouest for themselves and others who might come in.

This "dependent original bill" was filed upon the theory that certain stock which these appellants claimed had been illegally forfeited and sold by the association for non-payment of dues assessed thereon, after the stock had been listed for withdrawal. The bill seeks by specific interrogatories to charge Clyatt and Clarkson with guilty knowledge of the ownership in the Harisons when as directors of the association they voted to sell the stock without notice to the real owners; the prayers are for restoration to the status of stockholders, an accounting and a sharing in the assets.

Answers were filed by the association and in the name of Clyatt, Clarkson and Delouest, though signed only by Clyatt and Clarkson; no point is made on the failure of Delouest to sign. There was replication and much evidence taken. Upon final hearing the court found the issue of "listing for withdrawal" against the Harisons who entered their appeal making as parties thereto only the association and Clyatt.

A motion was made here to dismiss the appeal for want of necessary parties. The time for suing out a new appeal had expired before the return day and the question of parties presenting considerable difficulty, it was reserved for the hearing upon the merits.

Had the association been a going concern, not in the hands of the court, the only necessary parties to a proceeding to enforce the restitution of a stockholder's status would have been the stockholder and the corporation, as the latter would stand as the representative of

all its stockholders. There is now however an adversary relation created by the filing of the stockholder's bill and it cannot be said that the association now represents Clyatt, Clarkson and Delouest, nor can it be that Clyatt fully represents his co-complainants Clarkson and Delouest—the mere chance that his name comes first gives him no superior rights over the others.

In the case of Jacksonville, M. & P. Ry & Nav. Co. v. Broughton, 38 Fla. 139, 20 South. Rep. 829, we recognized the rule that it is not necessary to an appeal to name all intervenors who may have come into the case, but there we had before us the parties to the original bill, and all who were jointly interested in a severable appeal.

There are cases also which hold that a formal, even a necessary, party to the bill in its inception may by subsequent events be properly omitted from the appeal where the court can say that no decree it can render can possibly affect that party.

From this appeal are omitted Clarkson and Delouest, who shared in the brunt of going into the court for the purpose of winding up the building and loan association, and it is probable that a reversal of the decree appealed from would result in an actual loss to them by diminishing *pro tanto* the dividends they would otherwise receive from the assets now being administered.

Having been active parties below, and not having been brought here by appropriate proceedings either in person or by representation and not having appeared here voluntarily, we would not be authorized to enter any decree that might affect their joint interest and the appeal presenting no several features which we can pass upon with the parties before us, there remains nothing for this court but a dismissal.

The motion is, therefore, granted and the appeal is dismissed.

SHACKLEFORD, C. J., and WHITFIELD, J., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.