JOSEPH H. ALSTON, *et al.*, APPELLANTS, vs. SARAH F. ROWLES, EXECUTRIX OF THE LAST WILL OF JOHN J. ROWLES, DECEASED, IN BEHALF OF, ETC., APPELLEES.

Where an appeal is prosecuted by the " defendants now living," omitting individual names, and by a person who purports to be the legal representative of one who was a party to the decree, and such legal representative was never made a party to the proceedings either in the court below or in this court, it must be dismissed. The legal representative in such case is in no condition to prosecute the appeal, and the terms " defendants now living " fail to identify with requisite certainty the individuals whose interests are to be affected, should the court act.

Appeal from a decree of the Circuit Court for the Second Judicial Circuit in Leon County.

Sarah F. Rowles, the appellee here and the plaintiff below, filed her bill in behalf of herself and other judgment creditors of the estate of Robert H. Berry, deceased, alleging that her testator, John J. Rowles, and Robert H. Berry, in the year 185  , entered into a mercantile copartnership; that according to her information and belief the whole capital was contributed by her testator, Berry being insolvent and without means; that the parties carried on "a prosperous and successful business" up to the year 1855, when the firm was dissolved by the death of her testator, Rowles; that Berry, as surviving partner, claimed the right to wind up the affairs of the copartnership and to pay the debts of the firm, which, excepting the debt due her testator, she alleges were inconsiderable, as the business was conducted upon a cash basis; that she believes that the business was "wound up" by Berry in a short time; that she from time to time urged Berry to a settlement, which, after repeated solicitations, he made in the year 1861, when he gave to her, as executrix as aforesaid, his five several promissory notes for eight hundred dollars each. She alleges, upon information and belief, that this was the sum due Rowles by Berry at the date of the death of Rowles and the dissolution of the copartnership, viz: the year 1855; that sometime after this settlement Berry died intestate, and Richard Saunders, Sheriff of Leon county, became by virtue of his office his administrator; that she instituted suit against him as such administrator in Leon Circuit Court, obtaining in the fall of 1866 a judgment against him for the sum of $7,152; that an execution has been issued upon this judgment and a return of *nulla bona* made. Plaintiff alleges that between January, 1856, and January, 1861, Berry purchased and paid for six hundred acres of land in Leon county, "and received and took and had recorded the title deeds in the name of his wife, Mary A. Berry;" that on the 31st

of December, 1853, the said Berry purchased in the same way two lots in the city of Tallahassee, and that while the purchase was thus made anterior to the dissolution of the firm, yet that the purchase money was paid by Berry thereafter, at a time when he was indebted to his deceased partner; that Mary A. Berry died after R. H. Berry and after the year 1860, leaving, surviving, her one child, Annie, the wife of defendant, J. H. Alston, and that Richard Saunders, Sheriff as aforesaid, became her administrator by virtue of his office.

Plaintiff further alleges that Alfred Barco, a creditor of Mrs. Berry, sued Richard Saunders, Sheriff and her administrator, and obtained a judgment for the sum of $941.46; that a fi. fa. was issued upon said judgment, which has been levied by defendant, J. C. May, Coroner, upon the lots purchased by Berry in the year 1853 and the property advertised for sale. The prayer of the bill is that the sale under the fi. fa. may be enjoined; that the deeds to the wife may be set aside as voluntary and fraudulent; that the property may be declared to be assets of R. H. Berry, subject to the judgment of the plaintiff, and that the same may be decreed to be sold and the proceeds applied to plaintiff's judgment.

The answer admit the formation of the copartnership and its dissolution as stated; denies Berry's insolvency at the time the copartnership was entered into, and alleges upon information that the capital was mainly contributed by Berry, Rowles being engaged for his business capacity; admits that Berry closed the business up; alleges that Rowles kept the books and money of the firm; that Berry was much perplexed in closing the accounts, and denies that there was any unnecessary delay. Defendants, upon information, expressly deny that Berry's indebtedness accrued before or was due at the time of the death of Rowles, and expressly affirm that all the property was purchased by Mrs. Berry. Plaintiff files replication, and evidence being taken

by the parties, after hearing, a decree was passed granting the relief asked.

This appeal is prosecuted from this decree.

As the case in this court is disposed of without a consideration of the evidence in the cause, or the merits of the cause, a statement of the evidence is omitted.

*S. J. Douglas*, for Appellants.

*R. B. Hilton*, for Appellees.

WESTCOTT, J., delivered the opinion of the Court.

This is a suit between judgment creditors of the administrator of the husband as plaintiffs, and a judgment creditor of the administrator of the wife, the heirs and distributees of both husband and wife, and the executive officer of the court who levied a fi. fa. of the creditor of the wife upon the property in dispute, as defendants.

It is alleged by plaintiffs that the husband having purchased this property in his life-time, caused deeds of conveyance of the same to be made to the wife. The bill seeks to enjoin the judgment creditor of the administrator of the wife, who had caused the coroner, the sheriff being disqualified, to levy upon a part of this property, from selling the same, alleging that the property was the subject of a voluntary conveyance between husband and wife when the husband was indebted, and it seeks to subject the property to sale, to satisfy the judgments against the administrator of the husband, rather than the judgments against the administrator of the wife. The relief prayed was granted, the property was directed to be sold, and the proceeds applied to the claim of the judgment creditor of the administrator of the husband who brings the suit. From this decree, this appeal is prosecuted by Herndon L. Henderson, administrator de bonis non of Thomas Gaskins, deceased, and the "defendants now living," without naming the surviving defen-

dants. The record discloses that Henderson was not a party to the decree in the court below, and he has not been made a party pending the appeal. Hence he is no party here, and cannot prosecute an appeal. The general rule is, that upon the death of a defendant materially interested, unless his interest or liability survived to or devolved upon a co-defendant, or the interest of the party dying so determines that it can no longer affect the suit, the suit abates, and in all cases it abates, to the extent of his interest or liability. If the death occurred anterior to the appeal, the remedy for the abatement is in the original jurisdiction. If the death occurred pending the appeal, the remedy is in the appellate court, under the rules of this court.

Upon this record and for the purpose of this proceeding, the presumption is that all the parties were alive at the date of the decree. There is no suggestion of death in the record. Everything is regular, and although the fact may be that the parties died before decree, yet we cannot in this proceeding hear a suggestion of that fact against the record. In such a case, where, from the subsequent proceedings had in prosecuting the appeal, it is apparent that the death of some of the parties has occurred, the presumption is that the death occurred after decree. Were it apparent from the record that a decree had been made in the absence of necessary parties, the usual practice in the United States is for the appellate court to reverse the decree, and to remand the case with directions or leave to make proper parties. (7 Cranch, 97.)

The question here, so far as the administrator de bonis non of Gaskins is concerned, is what course must we pursue where the death of one of the defendants has occurred after decree, and the legal representative, without reviving the suit, enters an appeal to this court. Can the representative of a deceased defendant, without any proceeding making him a party in the original jurisdiction, enter an appeal and bring the case to this court for review? The suit, by the

death of this party defendant, abates as to him at least, and unless, under the rules of chancery practice obtaining in this State, the legal representative can revive it by simply entering an appeal, then he is here no party, and as to him there is no appeal which we can hear. Where the suit abates by death of a defendant, the general rule is that anterior to decree, the defendant cannot become an actor to revive it. (Daniel Chy. Prac., 1616.) After decree, the case is different, and the suit may be revived at the instance of a defendant in case of the death of plaintiff, or at the instance of those who succeed to the rights of the defendant in case of the death of the defendant, whenever the defendant or those who represent him can derive a benefit from further proceedings. (Daniel Chy. Prac., 1601, 1615, 1616, 1617; Story's Eq. Pldg., 372; Mit. Chy. Pldg., 79; 10 Ves., 401.) The defendant's representatives having therefore a right to revive where the suit abates by the death of the defendant after decree, the question is, can he revive the suit by simply entering an appeal? There is no such practice in the English Courts, and in the absence of statutory regulations we must look to the rules of practice in equity in the circuit courts of the United States, which are the rules of practice prescribed by this court for the circuit courts of this State. Rule 56 of the rules of practice in that court provides, "that whenever a suit in equity shall become abated by the death of either party, or by any other event, the same may be revived by a bill of revivor, or a bill in the nature of a bill of revivor, as the circumstances of the case may require, filed by the proper parties entitled to revive the same." We know of no authority which would authorize the administrator of a defendant dying after final decree to prosecute an appeal without reviving the suit. The English practice is to revive first and make the representatives parties to the appeal. (2 Dan'l Chy. Prac., 1582.)

What we have said refers only to the standing of the administrator de bonis non of Gaskins in this court. This is

not the only defect, however. The appeal is prosecuted by the administrator de bonis non of Gaskins and the " defendants now living," without naming them. We are entirely unadvised as to who the defendants living are, and as a matter of course equally unadvised who are dead. Whoever they may be, we know the suit has not been revived so as to make those persons who succeed to their rights parties. The result is, that not only is Henderson, the administrator de bonis non of Gaskins, in no position to prosecute an appeal, but the same is true with reference to the representatives of the deceased defendants, and who either the deceased defendants or the surviving defendants are, we cannot determine from the record.

Can we hear an appeal unless the record discloses the persons whose interests and property our decree is to affect? We cannot thus enter judgments. It may be that the defendants living were the coroner and heirs at law of the husband and wife. If this be so, the coroner being the executive officer of the court to conduct the sale under the judgments at law, is brought into the court of equity so that *his acts* may be controlled rather than to affect any interest he has in the subject matter of the suit. We do not think this officer a necessary or a proper party. In this aspect of the case, it would be very doubtful, too, whether the heirs at law of the husband and wife are necessary parties in a case of this kind, real estate being under our statute assets in the hands of executors or administrators equally liable with personal property to an execution against the executor or administrator. (2 Cranch, 407.)

If this should be so, how could this court make any order affecting the estates of the deceased wife or husband without their administrators are parties, and when no legal representative of their's is before the court? In such an event, the court could make no order affecting the decree in this case which would not necessarily affect their estates, as real estate, which the plaintiff alleges belongs to the estate of the

husband, and which the defendants allege belongs to the estate of the wife, is the subject of the suit, and to which estate it belongs is the material question involved in this contest between creditors of the husband and a creditor of the wife.

Herndon L. Henderson, administrator de bonis non of Thomas Gaskins, deceased, never was in a situation to prosecute this appeal. The failure to state the names of the parties defendants living at the date of the entry of the appeal, renders the record so defective for want of certainty as to the parties that are prosecuting the appeal, (it being prosecuted by the "defendants now living,") that any order made by the court would be made in a case where we were totally unadvised by the record as to the individuals it would affect.

The appeal is dismissed.