The Chief Justice
delivered the opinion of the court.
Appellees move to dismiss this case upon the grounds,
1.That no appeal has been entered, nor any application for an appeal placed on file in the office of the clerk of Alachua county.
2. Because the cause, originally pending in the county of Alachua, 5th Circuit, was removed to Orange county in the 7th Circuit and the decree rendered by the Judge of that circuit in Orange county, the Judge of the 5th Circuit having been of counsel in the cause, and the appeal should have been taken from the decree of the court in Orange county instead of Alachua.
3. Because no bond was given by the appellants on appeal as required by law.
I. Upon examination of the record no formal entry of appeal appears to have been made except by notice served on the Clerk of the Court and filed, and a Similar notice was served on the counsel for appellees, to the effect that “ap appeal has been taken from this decree.” This notice to the Clerk was evidently intended as an entry of appeal and was so considered by the appellants and by the clerk, and was followed by the filing of a transcript of the proceedings in this court, the citation on appeal beng expressly waived by the appellees.
Uo particular form of words is required by the statute or by rules in taking an appeal from a decree. The grammatical construction of the notice or entry of appeal is not material if it shows that it was intended to be an appeal. That it was so intended is admitted by the appellees, by the express waiver of the citation after notice of appeal. The record‘is here, properly attested, containing this notice and this admission, and we, must treat these as constituting an appeal duly entered.
II. As to the venue. The suit was commenced in Alachua in the Fifth Circuit, the present Judge having been one of the solicitors for the complainants before his appointment as Judge. The cause being at issue, the respective counsel, entered into a written stipulation that the Judge transfer the cause to the Seventh Circuit, and that the cause be heard and decided by the Judge of the Seventh Circuit. Upon the filing of this stipulation the Judge of the Fifth Circuit made an order that the cause be referred to the Judge of the Seventh Circuit, but made no order chaDging the venue or transferring the cause to any county in that circuit. The venue therefore and the record remained in the Alachua court.
The parties then appeared before the Judge of the Seventh Circuit, testimony was taken and the pleadings and evidence submitted to the Judge of the Seventh, and he made a decree therein and forwarded all the papers with his decree to the Clerk of Alachua, where the decree was entered. In all but two or three of the papers filed by counsel on both sides, the cause is entitled as of the Circuit Court for Alachua county. The stipulation of the counsel in its terms may be treated as an agreement that the venue may be changed, or that the causew be referred tó. and heard before another Judge without such change. They proceeded in the cause to trial and decree without the transfer of the record to any other court. The statute provides the manner of transferring the cause to “some court in the next nearest circuit,” but the act was not complied with so as to effect a change of venue. See Chap. 373, Laws of 1851, p. 124, secs. 1, 3.
The fourth section of this act provides further that whenever the Judge shall be disqualified from interest or other cause to act, it shall be the duty of any other Circuit Judge, on the application of parties, “to hear and determine all such matters as may be submitted to him; and such Judge may discharge said duties either in his own or any other circuit, and shall be substituted in all respects in the place and stead, in the matters aforesaid, of the Judge unable or disqualified to act.”
To all intents this section substitutes the Judge of another circuit, in the particular cause, for the Judge of the circuit where the suit is pending, and the former becomes a referee of the cause, especially, as in the present case, the parties have entered into a stipulation like that found in this record. The decree in this suit is the decree of the Circuit Court for the county of Alachua, and the appeal was properly taken as from the decree of that court.
III.As to the bond on appeal in equity cases, it has’been held that the statute did not require it except for the purpose of staying proceedings. That question was properly settled in Kilbee vs. Myrick, 12 Fla. 416.
The motion to dismiss is denied.