ENOCH B. CHAMBERLAIN, APPELLANT, VS. SAMUEL Y. FINLEY, APPELLEE.

Appellate Practice—Record of Entry of Appeal Indispensable to Give Jurisdiction to Supreme Court Over Parties—Chapter 4528, Laws of 1897, Construed—Transcript to Contain Certified Copy of Record or Entry of Appeal.

1. Chapter 4528 laws, approved May 7th, 1897, entitled: "An act abrogating citations on appeals in chancery causes from the Circuit to the Supreme Court, and making the record of entry of such appeals notice in such causes," abrogates the former practice of giving oral notice of appeals when taken in open court, and of the issuance and service on the appellee of a citation in appeals taken in vacation, and makes *the record of the entry of appeal in the chancery order book of the Circuit*

*Court the notice, and the only notice,* to the appellee of the taking and pendency of the appeal in the Supreme Court, and of the transfer of the cause to this court for re-examination. Such *recording of the entry of appeal* is jurisdictional, and is absolutely indespensable in all chancery appeals, to give to the appellate court jurisdiction over the parties. The statute does not permit recognition of any substitute for such prescribed record, nor will it permit such record to be dispensed with. The statute, however, does not preclude waivers of notice and voluntary appearances in the appellate court.

2. In order that the appellate court may be informed by the transcript of the record on appeal of the fact that it has jurisdiction over the parties to the appeal, the transcript of the record in every chancery appeal should contain a certified copy of the recorded entry of appeal taken from the chancery order book, with a certificate of the Clerk of the Circuit Court showing that it is a copy transcribed from the record made of the entry of appeal in the chancery order book, and giving the date of its record and the page of the book where recorded.

Appeal from the Circuit Court for Hernando County.

The facts in the case are stated in the opinion of the court.

*P. O. Knight* (on brief of O. S. Farr and C. E. Johnson), for Appellant.

*S. Y. Finley in pro per.*

TAYLOR, C. J.:

A bill in equity was filed by the appellee, Samuel Y. Finley, against the appellant, Enoch B. Chamberlain, in the Circuit Court of Hillsborough County in the Sixth Judicial Circuit, seeking to establish and enforce a lien upon certain land for professional services as attorney connected therewith. It is brought here on appeal to

Chamberlain v. Finley—Opinion of Court.

the present term from divers interlocutory orders made therein, as alleged in the entry of appeal, at divers dates on and prior to June 7th, 1897. The appeal comes here from the Circuit Court of Hernando County, in the Fifth Judicial Circuit, and the orders attempted to be appealed from appear to have been made by the judge of the latter circuit, but how or by what process the cause first instituted in the Sixth Circuit found its way into the Fifth Circuit, the record, or that which purports to be the record, fails to disclose.

Motion is now made by the appellee who appears especially and only for that purpose, to dismiss the appeal upon the following grounds: 1st. Because no entry of appeal in this cause was ever entered in the chancery order book by the Clerk of the Circuit Court for Hernando County, and no record of said entry in said chancery order book was ever made, and no sufficient notice of said appeal ever given to appellee to give this court jurisdiction of this cause or appellee. 2nd. Because no notice of appeal has ever been given in this cause as required by law. 3rd. Because no citation has ever been issued in this appeal and served upon the appellee as required by law.

In support of this motion the appellee files a certificate made by the clerk of the Circuit Court of Hernando County dated on the 22nd day of January, 1898, in which he certifies that a copy of a paper attached to his certificate is a true and correct copy of the notice of appeal in the cause that was filed in his office on the 16th day of June, 1897, but that neither the same nor any other notice or entry of appeal in such cause has been *recorded* in the chancery order book, or in any other record book in his office up to the time of the making of said certificate. The appellee also filed in support of his motion his own affidavit stating that he had

personally examined the records of the Circuit Court of Hernando County, and that no entry of appeal in the case was, or ever had been, recorded in the chancery order book, and that no record of any entry of appeal was ever made in the chancery order book by the clerk of the Circuit Court for Hernando County.

The appellant does not dispute the fact that his notice or entry of appeal has never been *recorded* in the chancery order book in the clerk's office of Hernando County, but, admitting the non-record thereof to be a fact, endeavors to counter the motion to dismiss with a motion for an order of this court to require the clerk of the Circuit Court of Hernando County to record the entry of appeal *nunc pro tunc*, upon the grounds that the said notice of appeal was duly filed with the said clerk of the Circuit Court on the 16th day of June, 1897, and that said clerk through his own default and neglect, failed to record same in his chancery order book; and because actual notice of said appeal was orally given to the appellee by appellant's solicitors on or about the 14th and 29th days of June, 1897; and because neither the appellant nor his solicitors have been guilty of any laches in the matter of the neglect of the clerk of the Circuit Court to record said notice of appeal; and because neither the appellant nor his solicitors had any knowledge of, and had no reason to suspect, the fact that said notice of appeal had not been recorded, until informed thereof by the service of appellee's notice of his motion to dismiss the appeal because of such non-record thereof; and because appellant and his solicitors reside at a long distance from the county site of Hernando county, *viz*: at the county site of Hillsborough county, and that they are, and at all times were powerless to prevent said neglect on the part of said clerk or to compel his obedience to the law requiring him to

record such entry of appeal. These various grounds of the appellant's counter motion are supported by affidavits of the solicitors for the appellant.

Chapter 4528 laws, approved May 7th, 1897, entitled: "An act abrogating citations on appeals in chancery causes from the Circuit to the Supreme Court, and making the record of the entry of such appeals notice in such causes," provides as follows: "Section 1. That from and after the passage of this act notice of the entry of all appeals in chancery causes, whether taken in open court or in vacation, shall be filed with the clerk of the court below whose order or decree is to be reviewed, and by such clerk shall be forthwith entered in the chancery order book, and no other or further notice of such appeal shall be required to be given or served in order to give to the Supreme Court complete jurisdiction over the person of the appellee, but the record of such entry in the chancery order book shall be taken and held to be sufficient notice to the appellee of the taking of said appeal, and of the pendency thereof in the Supreme Court." Section two of the act makes the prior existing provisions of law relating to the giving, issuance and service of notice and citation on appeals in chancery, inapplicable to appeals from the Circuit Courts to the Supreme Court. The third and last section of the act makes its provisions immediately effective upon its approval by the Governor.

This statute, as both its title and substance most clearly indicate, makes the *record of the entry of an appeal in the chancery order book* take the place of, and a substitute for, the former existing procedure of either giving oral notice of the appeal if taken in open court, or, if taken in vacation, of the issuance and service upon the appellee of a citation on appeal. *The record of the entry of appeal in the chancery order book* is *the notice,*

and the only notice, prescribed by this law to the appellee of the taking and pendency of the appeal in this court, and of the transfer of the cause to this court for re-examination. And by the provisions of this statute, such *record* of the entry of appeal becomes *essentially necessary* to give this court jurisdiction over the person of the appellee. This law, making as it does the record of the entry of appeal an essential prerequisite to the obtainment by this court of jurisdiction over the person of the appellee, does not permit us to recognize any substitute for such prescribed record, or to dispense therewith in any case. No court can be said to have acquired complete jurisdiction to hear and determine any cause until it has obtained, through the due procedure prescribed by law, jurisdiction over *both* the subject-matter *and the parties*. The provisions of this statute, making the record of the entry of appeal *the essential step* to give to the appellate court jurisdiction over the *person* of the appellee, and requiring such record thereof to be immediately made forthwith upon the filing thereof with the clerk of the lower court, practically necessitates the acquisition of jurisdiction by the appellate court over the subject-matter of the cause to be simultaneous with its acquirement of jurisdiction over the defendant parties thereto; and, consequently, in order to give to this court that *complete* jurisdiction over both the subject-matter and the parties so essential to its proper adjudication of any cause, it becomes, under the provisions of this law, *absolutely indispensable* that the *record* of the entry of an appeal in the chancery order book of the Circuit Court shall be made in the manner and at the time thereby prescribed. And it is equally as essential, in order that this court may be informed by the record of the fact that it has jurisdiction over the parties, that the transcript of record in every chancery

appeal should contain a certified copy of the
entry of appeal with a certificate of the Clerk
of the Circuit Court thereon, ' or appended there-
to, showing the fact that it was duly recorded
by him in the chancery order book of his court,
and giving the date of such record and the page of the
book where recorded. It follows that no such entry of
appeal or record thereof can be legally made after the
lapse of the six months allowed by our law for the tak-
ing of appeals in chancery causes. Nor can the law be
evaded by a *nunc pro tunc* record of the entry of appeal
as is here applied for in the counter motion of the ap-
pellant. The appeal attempted to be taken was made
returnable to the first day of the present term, and to
order a *nunc pro tunc* record of its entry at this time
would be equivalent, under this law, to citing the ap-
pellee to appear here on a 'day that has already passed.
More than six months having elapsed since the rendi-
tion of the various orders appealed from, the appellant
can not now make a new entry of appeal with the requi-
site record thereof as service of notice on the appellee.

The counter motion of the appellant is denied, and,
on the motion of the appellee, the appeal is dismissed.