S. A. RAWLS AND T. E. BRIDGES, PARTNERS AS T. E. BRIDGES & COMPANY, *Appellants,* v. THOMAS N. CARLTON, *Appellee.*

Where two parties defendant file what in reality is a joint answer to a bill in chancery and on exception by the complainant a part of the answer is stricken out, and one alone of the defendants appeals from this order and there is no appearance by the other party defendant here, and this court is unable to say to what extent the rights and interests of the defendant who has not appealed are affected by the order appealed from, the appeal will be dismissed.

This case was decided by Division B.

Appeal from the Circuit Court for DeSoto County.

The facts in the case are stated in the opinion of the court.

*W. E. Leitner,* for appellants;

*Treadwell & Treadwell,* for appellee.

HOCKER, J.—The appellee filed a bill in the Circuit Court of DeSoto county against the Consolidated Land Company, a corporation, and S. A. Rawls and T. E. Bridges as partners doing business as T. E. Bridges & Company, praying for the cancellation of a certain deed from Peacock-Hunt-West Company to the Consolidated Land Company conveying lands claimed to be owned by the appellee, and for an injunction against trespassing on the same by T. E. Bridges & Company.

It appears from the bill and answer that T. E. Bridges & Company are working the land for turpentine purposes, under a contract made by the Consolidated Land Company with Sweat Brothers & Company and others, which contract was assigned by these parties to T. E. Bridges & Company, but the terms and conditions of said contract are not set forth in the bill or answer. The Consolidated Land Company and T. E. Bridges & Company filed what is termed, in the introductory part, a joint and several answer, but which in reality appears to be a joint answer, as no separate rights or defences are therein set up. The complainant excepted to a part of this answer, and the court sustained the exception. S. A. Rawls and T. E. Bridges as partners alone appealed from this interlocutory order. The Consolidated Land Company did not join in this appeal, and has not appeared here. We are unable to say that the order of the court only affected the interests of T. E. Bridges & Company, because as the terms of the contract under

which they claim the lands are not set up, we do not know to what extent, if any, the rights and interests of the Consolidated Land Company are affected by the order appealed from. Under such circumstances the appeal must be dismissed. Harison v. Ocala Building & Loan Ass'n., 52 Fla. 522, 42 South. Rep. 696; Ferris v. Ferris, 43 Fla. 358, 31 South. Rep. 345; Witt v. Baars 36 Fla. 119, 18 South. Rep. 330; Sarasota Ice, Fish & Power Co. v. Lyle, 53 Fla. 1069, 43 South. Rep. 602.

TAYLOR and PARKHILL, JJ., concur;

SHACKLEFORD, C. J. and COCKRELL and WHITFIELD, JJ., concur in the opinion.