GUARANTY TITLE & TRUST COMPANY, *et al., Appellants,* v.
S. B. THOMPSON, *et al., Appellees.*

En Banc.

Opinion Filed January 28, 1925.

Where a decree in equity is against one of the defendants and in
  favor of the complainants and of others of the defendants,
  and an appeal is taken by the losing defendant "for and on
  behalf of itself and of its co-defendants," and one of the de-
  fendant appellants is on its motion voluntarily dismissed as
  an appellant, the cause will not then be dismissed on motion
  of one of the defendant appellants for lack of a necessary
  party, since the appellant who was voluntarily dismissed hav-
  ing been duly made a party to the appeal will be bound by
  the decree rendered by the appellate court.

A Petition for Rehearing on an order denying motion to
dismiss the appeal.

Rehearing denied.

*Brandon & Gage,* for Appellants;

*Guss Wilder,* for Appellees;

*Claibourne M. Phipps,* for Movant.

WHITFIELD, J.—The "Gulf Iron Works, a corporation,
by Claibourne M. Phipps, * moved the court to dismiss
the appeal in the above styled cause on the following
ground, to-wit: The appeal in this cause was dismissed as
to Knight & Wall Company, a necessary party to these
proceedings." The motion was denied and counsel moved
for a rehearing. The contention is that the appeal having
been dismissed as to one of the *appellants,* the appeal
should now be dismissed as an entirety because the party

*appellant* who was dismissed is a necessary party. This contention is not tenable.

In Nichols & Johnson v. Frank, 59 Fla. 588, 52 South. Rep. 146, a conveyance of land was decreed null and void as against the complainants and the intervenors in the cause. An appeal was taken by the defendants in which all the complainants and intervenors were made appellees. The appeal was dismissed as to one of the *appellees* for failure of the appellants to comply with the rules of the court as to such appellee. When the cause was reached for decision the appeal was dismissed because of the absence of a party *appellee* in whose favor with the other appellees the decree was rendered, the appeal as to such absent *appellee* having been dismissed *because of the fault of the appellants* in not observing the rules of the court as to such appellee.

"Where a chancery decree or a severable portion thereof is in favor of the complainant and of one or more of the defendants and against one or more of the other defendants who appeal and assign such decree as error, as in this case, the defendants in whose favor the decree is rendered should be brought here by making them parties appellant and if necessary with the service of a summons as for severance, or equivalent proceeding. This gives to the appellate court jurisdiction of the parties against whom relief is sought, and it being an equity cause the court may make proper decrees binding on all parties before it. In such case the complainant below is made appellee and is brought here by a proper record of an appropriate entry of appeal; and the defendants in whose favor the decree is rendered against the appealing defendants, are brought in by making them appellants in the entry of appeal; and if they refuse to join in the appeal, the complaining defendant may have service of summons to appear made upon such defendants, which gives the appellate court jurisdiction to

make proper orders and decrees in the progress and disposition of the appeal.'' Vogt Mach. Co. v. Milton Land & Investment Co., 74 Fla. 116, text 121, 76 South. Rep. 695.

In this case the appeal was taken by the Guaranty Title & Trust Company, a corporation, as trustee, one of the defendants, ''for and on behalf of itself and of its co-defendants,'' the names of such co-defendants being stated including ''Knight and Wall Company, a corporation, Gulf Iron Works, a corporation,'' the complainants below being the appellees. This entry of appeal was recorded and gave this court jurisdiction of the cause and of all the parties named in the entry of appeal. On motion made by its counsel, the appeal was dismissed as to the *appellant* ''Knight and Wall Company, a corporation,'' because such *appellant* did not desire to participate in the appeal taken in its name with other defendant appellants.

The ''Gulf Iron Works, a corporation,'' one of the defendants who was named as an *appellant* in the entry of appeal, comes now by the same counsel who moved for the voluntary dismissal as to the *appellant* Knight and Wall Company, and moves to dismiss the appeal because it ''was dismissed as to Knight & Wall Company, a necessary party.''

The Guaranty Title and Trust Company, one of the defendants below, and the one whose claim was denied, had the right to take the appeal in the name of all the defendants as *appellants* and those defendant appellants who did not desire to participate in the appeal could be dismissed or summons and severance could be had without affecting the right of the Guaranty Title and Trust Company to prosecute the appeal. See 74 Fla. 116; McJunkins v. Stevens, filed January 8, 1925; 3 C. J. 1007, 1019.

Rehearing denied.

TAYLOR, C. J., AND BROWNE, WEST AND TERRELL, J. J., concur.

ELLIS, J., dissents.

ELLIS, J., dissenting.

I think the rehearing should be granted because the decree was not a joint one against the defendants, but one entirely favorable to Knight and Wall Company. It was not such a decree as that defendant could appeal from, and it was dismissed as to it. But that company was a necessary party, and should have been an appellee because it was sought to reverse a decree favorable to it and against the reversal of which it was interested. That party not being before the court, it cannot reverse the decree without affecting the interests of one of the defendants in whose favor it was rendered. See Howse v. Judson, 1 Fla. 133; 3 C. J. 629.