HENRY V. BATE AND WIFE, EDITH BATE, *Appellants*, v. SUSIE E. COOK, BY HER NEXT FRIEND AND HUSBAND, JOHN A. COOK, *Appellees*.

Division A.

Opinion Filed January 31, 1925.

1. A decree against a mortgagor for any deficiency of money due after deducting the amount realized on the sale may be entered under the general prayer of the bill.

2. While a mortgagor who has conveyed all his interest in the mortgaged premises is neither a necessary nor proper party to a suit to foreclose the mortgage, if the mortgagee seeks a

personal judgment against the mortgagor for any deficiency after applying the proceeds of the sale of property to the debt, and makes the mortgagor a party, the latter becomes thereby interested in the decree and is a necessary party to an appeal therefrom.

An Appeal from the Circuit Court for Dade County; H. Pierre Branning, Judge.

Appeal dismissed.

*R. B. Schallern,* for Appellants;

*E. B. Kurtz* and *Elmer Wetzel,* for Appellees.

ELLIS, J.—In February, 1922, Susie E. Cook by her husband and next friend, John A. Cook, exhibited her bill in the Circuit Court for Dade County against Henry V. Bate and his wife, Edith Bate, to enforce a mortgage executed by Charles O'Connor and his wife, Mary Belle O'Connor, on certain real estate to secure the payment of the sum of twelve thousand five hundred dollars alleged to be due to Susie E. Cook.

The debt was evidenced by six promissory notes each in the sum of two thousand eighty-three dollars and thirty-three cents, payable to the order of Mrs. Cook at intervals of six months with interest at the rate of eight per centum per annum from date, which was January 6, 1921.

It was alleged that after the execution of the notes and mortgage Charles O'Connor and his wife conveyed the lands to the defendants, Henry V. and Edith Bate, "subject, however, to the encumbrance" of the mortgage. It was alleged that the notes due in July, 1921, and January, 1922, had not been paid in full; that only a small payment had been made and that under the terms of the mortgage the "entire principal sum and all obligations become due

upon default of any covenant, at the option of the mortgagee," who elects to demand the. entire principal sum and interest. The bill contained the usual prayer of foreclosure.

A demurrer to the bill was sustained and it was subsequently amended by adding as defendants the mortgagors, Charles O'Connor and Mary Belle O'Connor, and making a certified copy of the warranty deed by them to H. V. Bate as a part of the amended bill and attaching it as an exhibit thereto. The deed contains the following clause:

"It is expressly understood and agreed that this deed shall be subject to the following incumbrances:

Mortgage by Grantors to Mrs. Susie E. Cook, for $12,-500.00 dated Jan. 6th, 1921, recorded in Book 129 of Mortgages, page 171."

A demurrer to the amended bill was overruled and the defendants, Henry and Edith Bate, were allowed until the September Rules, 1922, to plead or answer.

. The O'Connors appeared on the rule day in September, 1922, and an order *pro confesso* was entered against them on the October rule day for failure to plead, answer or demur to the bill.

On the 26th day of October the Chancellor made a *pro confesso* order against Henry and Edith Bate for failure to plead or demur on the rule day in September, 1922.

Thereafter the cause proceeded *ex parte* and on November 1, 1922, the Master made his report.

Final decree was entered November 2, 1922. The amount decreed to be due was $13,862.01 and $2,000.00 solicitor's fees. These sums and costs were decreed to be paid at a certain time and in default thereof the land was to be sold and the proceeds applied to the payment of the debt, interest, solicitor's fees and costs.

From that decree an appeal was taken by Henry V. Bate

and his wife on November 9, 1922. A supersedeas bond in the sum of four thousand dollars was given by appellants.

The errors assigned are the order sustaining the demurrer to the original bill, the order overruling the demurrers to the amended bill, the order entering the decree *pro confesso* against Charles and Mary Belle O'Connor and the entry of the final decree.

The O'Connors are not made parties to the appeal. The appellees contend that as the O'Connors are necessary parties the appeal should be dismissed. It is contended that, notwithstanding the doctrine announced in Hinson v. Gammon, 61 Fla. 641, 54 South. Rep. 374, Ann. Cas. 1913A 83, and Phifer v. Abbott, 73 Fla. 402, 74 South. Rep. 488, to the effect that when mortgagors have conveyed all their rights and interests in the mortgaged property to other parties they are not necessary parties to a suit to foreclose the mortgage nor proper parties, unless a personal judgment for any deficiency is sought against them, the O'Connors are necessary parties in this case because having been made parties defendant and the decree requiring them as well as the other defendants to pay the amount found to be due, the complainants are entitled, under the prayer for general relief, to have a deficiency decree against the O'Connors in the event the property fails to bring at the sale a sufficient amount of money to pay the debt, interest, attorney's fees and costs. That is to say, Charles O'Connor would be liable on a deficiency decree to the complainants, should one be applied for and entered.

It is true, and it has been so held by this court, that a decree against a mortgagor for any deficiency of money due after deducting the amount realized on the sale may be entered under the general prayer of the bill. See Mattair v. Card, 18 Fla. 761.

Appellants argue that as a deficiency decree was not provided for in the final decree, the complainants had not

sought one against the O'Connors, and therefore the contention of appellants fails.

But in the case of Etter v. State Bank of Florida, 76 Fla. 203, 79 South. Rep. 724, the court said that the foreclosure decree fixes the amount of the mortgage debt and is a final adjudication thereof and where a judgment for deficiency is sought no objections to the amount of the decree can be considered except such as go to its discharge and have arisen since the confirmation of the sale. That the proceeding, under the rule allowing a deficiency decree, usually followed is to ascertain and adjudge the amount due to the complainant or mortgagee upon the debt which the mortgage was given to secure, thereupon on a report of the sale of the mortgaged premises and confirmation the deficiency, if any, is ascertained and decreed to be paid.

As the mortgagor, who has conveyed all his interest in the mortgaged premises, is neither a necessary nor proper party to the suit of foreclosure, unless a personal judgment for any deficiency therein, ·may be (after applying the property to the debt), sought against him, it follows that the purpose of making the O'Connors parties, as seems to have been insisted upon by defendants in their first demurrer, and the prayer for relief against them in the amended bill, was for the sole purpose of seeking a deficiency decree against them.

The O'Connors, therefore, were necessary parties to the appeal. The decree against the defendants was joint and the court is asked to review the decree on the main equities, as the fourth assignment of error and the argument on the brief for appellants show. All parties who were interested in the decree and against whom it was entered should be made parties to the appeal therefrom, and when one of them is omitted from the appeal and fails to appear, the appeal will be dismissed. Sherlock v. Cooper, 43 Fla.

51, 29 South. Rep. 444; Bridges & Co. v. Carlton, 56 Fla. 843, 48 South. Rep. 46.

The appeal is dismissed at the cost of the appellants.

TAYLOR, C. J., AND BROWNE, J., concur.

WHITFIELD, P. J., AND WEST AND TERRELL, J. J., concur in the opinion.