MARY G. HAY, joined by her husband, WILLIAM R. HAY, for the purpose of this suit, WILLIAM R. HAY, and MARY G. HAY, INC., a corporation organized and existing under and by virtue of the laws of the State of Florida, *Appellants*, v. FRANK W. ISETTS and wife, EMILIE L. ISETTS, joined by her husband, FRANK W. ISETTS, for the purpose of this suit, *Appellees*.

En Banc.

Opinion filed December 3, 1929.

*R. L. Sheldon,* for Appellants;

*Horn & Ossinsky,* for Appellees.

DAVIS, Commissioner:

Frank W. Isetts, and his wife, Emilie I. Isetts, joined by her husband, Frank W. Isetts, for the purpose of the suit, instituted proceedings against D. Krokover and his wife, Paulina Krokover (also known as Pauline Krokover) joined by her husband, D. Krokover, for the purpose of the suit, Mary G. Hay joined by her husband, William R. Hay,

for the purpose of the suit, William R. Hay, Percy C. Pachtman, Florence Goldsmith joined by her husband, ———— Goldsmith, and Mary G. Hay, Inc., for the foreclosure of a real estate mortgage.

The bill of complaint shows the execution and delivery by D. Krokover, Mary G. Hay and William H. Hay of three promissory notes payable to the order of Frank W. Isetts and his wife, Emilie L. Isetts, on or before one, two and three years after date respectively, in the aggregate sum of $20,000, with interest payable semi-annually at the rate of eight per cent. per annum until paid; that to secure the payment of said promissory notes, D. Krokover and his wife, Pauline Krokover, by D. Krokover, her attorney-in-fact, and Mary G. Hay, joined by her husband, William R. Hay, executed and delivered to the complainants a mortgage deed covering the property set out in the bill of complaint; that because of the failure of the makers of the notes for more than thirty days to pay the interest after it became due and payable complainants exercised their option to declare the whole sum due and payable; that said mortgage is a prior lien and superior to all other claims on the property; that fee simple title to an undivided one-half interest in the land at the time of the filing of the bill of complaint was in Florence Goldsmith by virtue of a deed from D. Krokover and his wife, and that the fee simple title to the other undivided one-half interest in said land at the time of the filing of the bill of complaint was in the defendant Mary G. Hay, Inc., by virtue of a deed from Mary G. Hay and her husband, William R. Hay; that on the 13th day of November, 1925, prior to the execution and delivery of the deed to the said Florence Goldsmith, the said D. Krokover mortgaged his undivided one-half interest in the said premises to Percy C. Pachtman.

The complainants prayed, among other things, that the defendants be decreed to pay to complainants whatever sum might appear to be due them and that they might have a deficiency decree against D. Krokover and William. R. Hay. Upon final hearing the court decreed that D. Krokover, Mary G. Hay and William R. Hay pay to the complainants the sum found to be due them; that all of the defendants be forever barred and foreclosed of and from all equity of redemption in and to the said property and that in the event the said premises failed to sell for sufficient to pay the costs and the amounts by the decree ordered to be paid that the special master appointed to make the sale report such shortage to the court and such further order be made upon such report as to the court may seem proper.

From this decree the following appeal was taken and entered:

"Frank W. Isetts, and wife, Emiline L. Isetts, joined by her husband, Frank W. Isetts, for the purpose of this suit, Complainants,

vs.

D. Krokover, and his wife, Pauline Krokover (also known as Pauline Krokover), joined by her husband, D. Krokover, for the purpose of this suit; and Mary G. Hay, joined by her husband, William R. Hay, for the purpose of this suit; William R. Hay, Percy C. Pachtman, Florence Goldsmith, joined by her husband, ———— Goldsmith, for the purpose of this suit, and Mary G. Hay, Inc., a corporation organized and existing under and by virtue of the Laws of the State of Florida, Defendants.

NOTICE OF APPEAL

No. 705, Ch.

"Comes now Mary G. Hay, joined by her husband, William Hay, for the purpose of this suit; William R. Hay, and Mary G. Hay, Inc., a corporation organized and existing under and by virtue of the laws of the State of Florida, defendants in the foregoing cause and hereby take and enter this their appeal from the final decree of the judge of the above court, dated the 6th day of August, A. D. 1928, said appeal being returnable to the Supreme Court of the State of Florida, at Tallahassee, on the 23rd day of November, A. D. 1928, a day more than thirty (30) and less than ninety (90) from the date of said appeal, and the clerk of this court will please forthwith enter this notice of appeal in the chancery order book as required by law."

At the very outset we find it necessary to determine whether or not the appeal in this case is in such shape that we can consider it. The caption of the appeal is the same as the caption of the pleadings in the cause in the lower court. The appeal is taken only by Hay and his wife, two of the joint makers of the notes, and by the grantee of one of the mortgagors. In the entry of appeal no one is directed to take notice of the appeal, nor has any attempt been made to designate the several parties to the cause as appellants or appellees except to state that Mary G. Hay, joined by her husband, William R. Hay, William R. Hay and Mary G. Hay, Inc., were taking the appeal. The entry of appeal was sufficient to transfer the cause to this Court and when it was duly recorded as required by the statute it brought the complainants in the court below—the appellees—into this Court, but it did not bring here any of the defendants other than those taking the appeal since the body of the appeal limits the appellants to

the three expressly mentioned though the other defendants are named in the caption as defendants in the court below. Wilson-Mason Co. v. Duncan, 90 Fla. 112, 105 So. R. 123; Henry Vogt Mach. Co. v. Milton Land & Inv. Co., 74 Fla. 116, 76 So. R. 695.

None of the defendants except those who have appealed have appeared in this Court. A party who would be directly affected by an appeal is a *necessary* party to the appeal. Armour Fertl. Wks. v. Wade Inv. Co., 90 Fla. 403, text 406, 105 So. R. 819; 3 C. J. 1014.

The defendants Mary G. Hay, her husband William R. Hay, and Mary G. Hay, Inc., had the right to take an appeal for and in the name of themselves and their co-defendants without the consent of such co-defendants. Guaranty T. & T. Co. v. Thompson, 89 Fla. 35, 103 So. R. 110; 3 C. J. 1014.

"Where a chancery decree or a severable portion thereof is in favor of the complainant and of one or more of the defendants and against one or more of the other defendants who appeal and assign such decree as error as in this case, the defendants in whose favor the decree is rendered should be brought here by making them parties appellant and if necessary with the service of a summons as for severance, or equivalent proceeding. This gives to the appellate court jurisdiction of the parties against whom relief is sought, and it being an equity cause the court may make proper decrees binding on all parties before it. In such case the complainant below is made appellee and is brought here by a proper record of an appropriate entry of appeal; and the defendants in whose favor the decree is rendered against the appealing defendants, are brought in by making them appellants in the entry of appeal; and

if they refuse to join in the appeal, the complaining defendant may have service of summons to appear made upon such defendants, which gives the appellate court jurisdiction to make proper orders and decrees in the progress and disposition of the appeal.'' Guaranty T. & T. Co. v. Thompson, *supra;* Vogt Mach. Co. v. Milton Land & Inv. Co., *supra,* text 121.

''Where an appeal or Writ of Error is taken and all the parties who are directly affected by the judgment, decree or order appealed from, are not duly made parties in the appeal or Writ of Error, the Court will decline to proceed because the parties who should be but are not brought into Court in the case will not be bound by the appellate judgment, decree or order, and the Court will not dispose of the matter by piecemeal. But when by appeal or Writ of Error taken in due time by some of the parties who may appeal and the Court has jurisdiction of the cause of action, it may permit the absent parties to appear and participate in the appellate proceedings, in which case they will be bound by the judgment rendered. On having jurisdiction of the cause, the Appellate Court may grant a summons and severance as to parties appellant who decline to come in, in which event the parties who do appeal may proceed without the others, all being bound by the judgment.

''An appeal from a joint judgment taken by less than all of the parties against whom the joint judgment is rendered will be dismissed unless the appeal taken is sufficient to transfer the cause to the Appellate Court and all the other joint defendants appear in the Appellate Court and join in the appeal or unless the parties taking the appeal have summons and severance or equivalent proceedings in order to

eliminate the parties who could have joined but did not join in taking the appeal so as to permit those who take the appeal to prosecute the same without the other parties, such other parties as well as those taking the appeal being then bound by the determination of the appeal.

"Under the statutes requiring Writs of Error and appeal taken to the Supreme Court in civil actions and suits, to be recorded in record books of the trial court, as a means of giving the Supreme Court jurisdiction of the person of the appellees or defendants in error, it is necessary that the appeal or Writ of Error that is recorded shall properly include all of the appellees or defendants in error and if this is not done, the Writ of Error or appeal will be dismissed unless all those not duly made appellees or defendants in error appear in the cause."

McJunkins v. Stevens, 88 Fla. 559, text 570, 102 So. R. 756.

Mortgagors who have conveyed all their interests in the mortgaged premises are neither necessary nor proper parties to a foreclosure suit unless a personal judgment for any deficiency may be sought against them. Bate v. Cook, 89 Fla. 40, 103 So. R. 126; Hinson v. Gammon, 61 Fla. 641, 54 So. R. 374; Phifer v. Abbott, 73 Fla. 402, 74 So. R. 488.

In the instant case the mortgagors were made parties to the foreclosure proceedings, a decree was entered against them, and in the prayer of the bill of complaint a deficiency decree is sought against the defendant D. Krokover and William R. Hay, or either of them. Krokover, therefore, was a necessary party to the appeal. Bate v. Cook, supra.

The defendant Florence Goldsmith, the owner of the fee of an undivided one-half interest in the mortgaged premises, and her husband were necessary parties to the

appeal. The decree barred and foreclosed the defendant Percy C. Pachtman, to whom the defendant D. Krokover mortgaged his undivided one-half interest in the property, which was tantamount to subordinating his lien to the lien of the complainant and he therefore had such a pecuniary interest in the decree appealed from that he was a necessary party to the appeal. Smith v. Fidelity Trust Co., 96 Fla. 168, 117 So. R. 791.

All parties who were interested in the decree and against whom it was entered should be made parties to the appeal therefrom and when one of them is omitted from the appeal and fails to appear the appeal will be dismissed. Bate v. Cook, *supra,* text 44; Sherlock v. Couper, 43 Fla. 51, 29 So. R. 444; Bridges & Co. v. Carlton, 56 Fla. 843, 48 So. R. 46; Ferris v. Ferris, 43 Fla. 358, 31 So. R. 345; Buck v. All Parties, 86 Fla. 86, 97 So. R. 313.

When an appeal has been taken and parties who have a vital and pecuniary interest in the decree appealed from are not made parties to the appeal this court is without jurisdiction of such parties and cannot determine their rights as affected by the final decree and the provisions of Sections 4636 and 4637 Comp. Gen. Laws of Florida will not be held to alter the conclusions stated in this opinion. Smith v. Fidelity Trust Co., *supra.*

In as much as the defendants taking the appeal did not enter an appeal for themselves and their co-defendants who are necessary parties to the appeal, and such co-defendants have not voluntarily submitted themselves to the jurisdiction of this Court, and the time for taking an appeal has expired and they cannot now be made parties appellant, it follows that the appeal must be dismissed.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court

as its opinion, it is considered, ordered and decreed by the Court that the appeal in this cause should be, and the same is hereby dismissed.

TERRELL, C. J., AND WHITFIELD, ELLIS, STRUM AND BUFORD, J. J. concur.

WHITFIELD, J. (concurring) :

Whatever may have been the method of obtaining and effectuating appeals in chancery causes in England or in Florida prior to 1873, (Sec. 2 Enc. Pl. & Prac. 209; pages 92 and 108, Fla. Territorial Acts 1832) pursuant to authority conferred by Section 75, Chapter 1096, Acts 1861, Section 3, Chapter 1626, Acts 1868, Sections 2 and 12, Chapter 1938, Acts 1873, now Section 4682, Comp. Gen. Laws 1927, the Supreme Court of Florida adopted May 26, 1873, Chancery Rule 95 which provided that ''When an appeal is entered in the circuit court in a chancery cause, the appellant, at the time of entering the appeal, shall apply to the clerk of the circuit court from which the appeal is taken, or upon the filing of the transcript of the proceedings in the Supreme Court, shall apply to the clerk of that Court to issue a citation requiring the appelle or respondent to be and appear at the term of the Supreme Court to which the appeal is returnable to show cause, if any he can, why the judgment should not be reversed. Such citation shall be served and returned as a writ of *scire facias ad audiendum errores* upon a writ of error sued out.'' 14 Fla. Chancery Rules, page 60.

Sections 1460, 1461, Revised Statutes 1892, contain the following:

''Notice of appeals in chancery may be given orally in open court at the time when the decree is rendered (in which case such notice shall be entered on the

minutes) or thereafter in vacation by filing in the clerk's office a written notice.

"If the notice be given in open court, no further notice shall be required; but if it be given in vacation, the clerk of the circuit court shall issue to the appellee a citation, which shall be returnable, and shall be served in like manner and time as writs of *sci. fa. ad aud. errores.*"

These quoted sections of the Revised Statutes 1892, and Chancery Rule 95 were superseded by the provision of Chapter 4528, Acts 1897, Section 3172, Rev. Gen. Stats. 1920, abrogating citations on appeals in chancery causes, which statute is as follows:

"Notice of entry of all appeals in chancery causes, whether taken in open court or in vacation, shall be filed with the clerk of the court whose order or decree is to be reviewed, and by such clerk shall be forthwith entered in the chancery order book; and no other or further notice of such appeal shall be required to be given or served in order to give to the Supreme Court complete jurisdiction over the person of the appellee, but the record of such entry in the chancery order book shall be taken and held to be sufficient notice to the appelle of the taking of said appeal and of the pendency thereof in the Supreme Court."

Section 4964 and page 4684, Volume 5, Comp. Gen Laws 1927, and notes.

Duly enacted general statutes may regulate the form and service of notice to parties in judicial proceedings provided due process of law is afforded and there is no encroachment upon the powers of the judicial department.

The Constitution gives to the Supreme Court "appellate jurisdiction" in all equity cases, but the statutes prescribe the method by which appellate jurisdiction is acquired, and adversary parties have a right to a due observance of the statutory requirements. Chapter 11890, Acts 1927, Sections 4635-6, Comp. Gen. Laws 1927, must be so interpreted as not to dispense with any requirement that is essential to due process of law or to the jurisdiction of the appellate court over the subject matter and the parties in a cause, or to in any way encroach upon the judicial power conferred upon the courts by Articles II and V of the Constitution. See Providence S. B. & T. Co. v. De Vita, decided at this term. See also Trustees v. Bailey, 10 Fla. 238; Ruff v. G. S. & F. Ry. Co., 67 Fla. 224, 64 So. R. 782; Spafford et al. v. Brevard County et al., 92 Fla. 617, 110 So. R. 451; State ex rel. Cartmel v. The A. C. & S. Co. et al., 84 Fla. 123, 92 So. R. 871, as to legislative encroachments upon the powers of the judicial department.

"Chapter 4528 Laws, approved May 7th, 1897, entitled: 'An Act abrogating citations on appeals in chancery causes from the circuit to the Supreme Court, and making the record of entry of such appeals notice in such cases,' abrogates the former practice of giving oral notice of appeals when taken in open court, and of the issuance and service on the appellee of a citation in appeals taken in vacation, and makes *the record of entry of appeal in the chancery order book of the circuit court the notice, and the only notice,* to the appellee of the taking and pendency of the appeal in the Supreme Court, and of the transfer of the cause to this Court for re-examination. Such *recording of the entry of appeal* is jurisdictional, and is absolutely indispensable in all chancery appeals, to give to the appellate

court jurisdiction over the parties. The statute does not permit recognition of any substitute for such prescribed record, nor will it permit such record to be dispensed with. The statute, however, does not preclude waivers of notice and voluntary appearances in the appellate court.'' Chamberlain v. Finley, 40 Fla. 91, 23 So. R. 559; State ex rel. v. Canfield et al., 40 Fla. 36, 23 So. R. 591.

''In order for the Supreme Court to obtain jurisdiction over the appellees by reason of the record of the entry of appeal, the entry as recorded in the chancery order book must be sufficiently full and explicit to advise the parties entitled to notice, as well as the appellate court, that an appeal has been taken by definitely named parties against definitely named persons.''

Garrison and Barnett v. Parsons, 41 Fla. 143; 25 So. R. 336; Alston v. Rowles, 13 Fla. 110.

''Filing in the office of the clerk of the circuit court of a notice of entry of appeal, duly executed and in proper form, is sufficient to give the appellate court jurisdiction of the *subject matter* of the cause, but the due entry thereof in the chancery order book of the circuit court, or an effectual waiver or general appearance by the appellee in the appellate court, is necessary to give the appellate court jurisdiction over the *person* of appellee.''

Long et al. v. Sphaler et al., 89 Fla. 499, 105 So. R. 101. See also Bauknight et al. v. Sloan & Co. et al., 17 Fla. 281; Price et al. v. Horton, 76 Fla. 537, 80 So. R. 305; Buck v. All Parties, 86 Fla. 86, 97 So. R. 313; Florida Chancery Jurisprudence, page 718, as to form of entry of appeal.

Chapter 11890, Acts 1927, effective June 6, 1927, provides that:

"No writ of error or appeal shall be dismissed for want of proper parties if the writ of error or notice of entry of appeal recorded within the time allowed by law shall identify with reasonable certainty the judgment or decree sought to be reviewed. In case of numerous parties it shall be sufficient designation to identify the cause by its usual title in the inferior court and the abbreviation et al. may be used to designate parties other than those expressly named. To this end the proceedings in error or upon appeal shall be taken and considered as a step in the cause.

"Proceedings in error shall be amendable as other proceedings and no cause shall be dismissed by the appellate court for any defect or omission not insisted upon by the adverse party."

Since Section 4964, Compiled General Laws 1927, provides for constructive service by recording the entry of appeal in lieu of personal service of citation on the appellees, the statute must be strictly complied with in order to afford due process.

Chapter 11890, Acts 1927, is intended to modify Section 3172, Rev. Gen. Stats. 1920, Section 4964, Comp. Gen. Laws 1927, by making a proper and duly recorded entry of appeal effective as to all proper appellants and binding as constructive notice of the appeal to all proper appellees when one or more of the appellants and of the appellees are named "and the abbreviation et al. be used to designate others than those expressly named." In this case there were several defendants in the trial court against whom the decree appealed from was rendered, all of whom are necessary parties to the appeal, and the caption of the entry of

appeal contains the names of all the parties to the suit. If the caption stated one defendant with the words ''et al.'' added, it would be sufficient *if the appeal be taken by all of the defendants;* but where, as here, the body of the entry of appeal stated that the appeal is taken by several designated defendants without including the other defendants, or without stating that the appeal is taken by ''the defendants,'' the appeal is then restricted by the appellants themselves to those named in the body of the entry of appeal, and the statute does not operate to constructively include other *necessary* appellants.

Assuming that the statutory provision as to the use of the terms, ''et al.'' in appellate proceedings affords due process where all the parties were before the trial court, the intent of the statute is not to make parties in the appellate court those who may be necessary parties appellant but who are excluded by the party appealing by confining the entry of appeal to less than all the parties who should be joined as appellants. Of course when less than all the parties complainant or defendant in the trial court may properly take an appeal or may properly be brought into the appellate court on appeal, the entry of appeal may be restricted to proper parties. Where the entry of appeal is sufficient to give the appellate court jurisdiction of the subject matter of the litigation, parties improperly omitted from the entry of appeal may appear in the cause in the appellate court. Vogt Mac. Co. v. Milton Land & Inv. Co., 74 Fla. 116, 76 So. R. 695; McJunkins v. Stevens, 88 Fla. 559, 102 So. R. 756; Provident S. B. & T. Co. v. DeVito, decided at this term.

ELLIS AND STRUM, J. J., concur.

BROWN, J. (concurring):

I concur in the conclusion that this appeal should be dismissed for want of essentially necessary parties. I do not think that this conclusion is in conflict with Section 4635, Comp. Gen. Laws, which was Section 1 of Chapter 11890, Acts of 1927, though it is in conflict with Section 4636, which was Section 2 of the Act referred to, as the dismissal here is *sua sponte*.

Section 4635, Comp. Gen. Laws, inhibits the dismissal of a writ of error or appeal for want of "proper parties." There is a well established distinction between merely *proper* parties and *necessary parties*. An entirely proper party may not be a necessary party. See 3 C. J. 1005-1017. So I think this Section 4635 may readily be upheld as applying to *merely* "proper parties."

It further appears to me that in order to uphold the validity of both these sections they must be construed in such a way as not to infer an intent to deny due process of law or to invade the judicial power.

Thus Section 4636, Comp. Gen. Laws, says that this Court shall not dismiss any cause "for any defect or omission not insisted upon by the adverse party." This may be, and I think is, a very good general rule, and one in fact that this Court has itself enunciated and followed, but it could not be constitutionally applied to prevent the Court from dismissing an appeal of which this Court had no jurisdiction or where the potential jurisdiction of the Court had not been lawfully invoked; nor in my opinion could it be constitutionally applied so as to deprive any essentially necessary party who had not been brought into Court of his property or his liberty without due process— without an opportunity to be heard. The Legislature cannot constitutionally require a court to hear and decide a case which it refuses to hear and decide because it clearly appears that essentially necessary parties have not been

brought into court, and given an opportunity to be heard, and whose personal or property rights must necessarily be adjudicated or substantially affected by the disposition of the cause.

On the other hand, a party aggrieved and injured by a judgment of a trial court should not be deprived of an opportunity for appellate review merely because he fails to bring in nominal or useless parties who have no real or substantial interest in whether the judgment or decree appealed from is reversed or sustained, or where such appellant is the only party aggrieved or affected by such judgment. In all such cases this statute could well be given full application, though, it must be confessed, it would, as thus construed, work very little change in the principles already recognized by and applied in the practice of this Court.

Probably the most plausible argument in opposition to the above briefly outlined views is that omitted parties would not be bound by the judgment rendered by this Court anyway; or, if they later themselves decided to appeal, they could under this statute take separate appeals. This might mean in many cases, several separate appeals, when the matter could have been more thoroughly, efficiently, and expeditiously settled by one appeal which brought all the vitally interested parties before the court at one time. I believe that a statute which would so endeavor to dictate to the courts as to *how* they should transact the business entrusted to them by the Constitution as to compel the courts to hear by piece-meal a case which they could better and more expeditiously hear and decide as a whole and at one time, would constitute an invasion of the judicial power vested in the courts by the Constitution. The courts have too long and too frequently acquiesced in legislation which really encroached upon strictly judicial

1044

power, and thus transgressed the fundamental constitutional principle providing for the separation of the powers of government into three great departments, the legislative, the executive and the judicial, each independent of, and constituting a check upon the power of the others, so as to preserve the highest usefulness and independence of each, within their respective constitutional confines, and guard against abuse of power by either of them.

But I believe that the purpose of this statute is good; that it is intended to be remedial in its nature, and should, therefore, be liberally interpreted to the fullest extent that it can be fairly and constitutionally applied. I can see no reason, for instance, why, generally speaking, a party to a cause in the trial court who cannot be injured by an appeal should be brought into this Court on the appeal; hence the omission of such a party should not constitute a ground for dismissal, *sua sponte*. In other words, I think the words "proper parties," as used in the statute, should be construed to mean *merely* "proper parties" as distinguished from *necessary* or *essential* parties. For, in the ultimate, whether a party is or is not an *essential* or *necessary* party to the adjudication of a cause, is, to my mind, a *judicial* and not a *legislative* question.

WHITFIELD, ELLIS AND STRUM, J. J., concur.