D. I. AMES, *Appellant*, v. R. C. BAKER, Sheriff of Palm Beach County, Florida, and ANTHONY KOVACEK and BESSIE KOVACEK, *Appellees*.

En Banc.

Opinion filed September 6, 1930.

On Petition for Rehearing.

*Blackwell, Donnell & Moore,* for Appellant;

*J. L. Frazee and E. M. Johns,* for Appellees.

BUFORD, J.—This cause comes before the Court on a motion to dismiss the appeal upon the ground that the Court has no jurisdiction to hear and determine the cause. It is the contention of the appellee that the Court is without jurisdiction because the notice of appeal is in the following language:

"In the Circuit Court Fifteenth Judicial Circuit of Florida in and for Palm Beach County.

D. I. Ames,

    v.                     NOTICE OF APPEAL.

R. C. Baker, as Sheriff, et al.

"Now comes the complainant, D. I. Ames, by his undersigned solicitors and enters this his appeal to the Supreme Court of Florida, from that certain interlocutory order, denying the application for the temporary restraining order, entered on the 2nd day of November, 1929, in that certain cause pending in the Circuit Court of the Fifteenth Judicial Circuit of Florida in and for Palm Beach County and on the chancery side of said court wherein D. I. Ames is complainant and R. C. Baker et al. are defendants.

"The clerk of the above styled court will please enter this notice of appeal forthwith in the chancery order book and make this appeal returnable to the Supreme Court of the State of Florida at Tallahassee, the capitol, on the 21st day of July, 1930.

              "BLACKWELL, DONNELL & MOORE,

                         "Solicitors for Complainant."

The appellee cites as authority in support of his motion the opinion in the case of Hay et al. v. Isetts, 98 Fla. 1026, 125 So. R. 237. It will be observed by reference to the opinion in the case above cited that the notice of appeal in that case limited the appeal to Mary G. Hay, joined by her husband, William Hay, for the purpose of this suit, William R. Hay and Mary G. Hay, Inc., and did not by statutory provision, or otherwise, bring into the court the parties who were co-defendants in the circuit court. The statutory provision referred to is contained in Chapter 11890, Acts of 1927, Section 4635, Comp. Gen. Laws, 1927, and is as follows:

"No writ of error or appeal shall be dismissed for want of proper parties if the writ of error or notice of entry of appeal recorded within the time allowed by law shall identify with reasonable certainty the judgment or decree sought to be reviewed. In case of numerous parties it shall be sufficient designation to identify the cause by its usual title in the inferior court and the abbreviation "et al." may be used to designate parties other than those expressly named. To this end the proceedings in error or upon appeal shall be taken and considered as a step in the cause."

In the instant case the record indicates that its usual title in the inferior court was, D. I. Ames v. R. C. Baker, as sheriff, et al., while the parties to the suit were D. I. Ames, complainant, and R. C. Baker, as sheriff of Palm Beach County, Florida, and Anthony Kovacek and Bessie Kovacek, defendants.

The entry of appeal, as well as each further proceeding upon appeal, constitutes a step in the cause and in this case the appellants named in the notice of appeal one of the defendants in the court below as appellee and designated the others by the use of the abbreviation, "et al.," which constituted a sufficient compliance with the statute to bring the cause and the parties into this Court.

For the reasons stated the motion to dismiss should be denied, and it is so ordered.

Denied.

TERRELL, C. J., AND WHITFIELD AND STRUM, J. J., concur.

PER CURIAM.—In this case there was a motion to dismiss the appeal which was denied in opinion and order filed August 4th, 1930.

Appellees have filed motion for rehearing in which it is contended that the appellees, Anthony Kovacek and Bessie Kovacek, were never served with process and never appeared in the court below and that the notice of appeal is insufficient to give this Court jurisdiction of the parties.

The record fails to show that the defendants were never served with process in said cause and never appeared therein.

The record does show that one defendant accepted service, but it does not show that service was not accepted by or made upon other defendants.

One of the defendants was before the chancellor and the chancellor had jurisdiction to deny a temporary restraining order.

Whether such order made by the chancellor is proper or erroneous may be determined on appeal and the appeal from such order is not subject to be dismissed upon the ground "that this Court has no jurisdiction to hear and determine the same."

The petition for rehearing is denied.

TERRELL, C. J., AND WHITFIELD, STRUM AND BUFORD, J. J., concur.