DAVID BURNS, Appellant, v. ADAM HENDERSON, Appellee.

APPEAL FROM PEORIA.

The constitution confers upon the Circuit Courts jurisdiction in all cases of appeals from all inferior courts; and the legislature cannot take away this jurisdiction, although it may give other courts concurrent jurisdiction in that regard.

The word "shall," in the fourth section of the act extending the jurisdiction of the Peoria County Court, is construed to mean "may," so as to make that act harmonize with the constitution.

HENDERSON sued Burns before a justice, and recovered judgment. Burns appealed to the Circuit Court, and filed bond with the justice.

At the May term, 1857, the court called the cause for trial, to which the defendant objected, for the following reasons : The court has no jurisdiction to try the cause ; the plaintiff has no right to prosecute said cause in this court; this court has no jurisdiction of the parties.

The court overruled the objections and called a jury.

The plaintiff below offered a note in evidence, and the defendant below excepted. Verdict and judgment for plaintiff below, and Burns appealed to this court.

The plaintiff here assigns the following errors upon this record :

1. The court below erred in overruling the objections of the defendant below.

2. The court below had no jurisdiction to try the cause.

3. The plaintiff had no right to prosecute his suit in the court below.

4. The court below should have dismissed the appeal.

5. The Circuit Court had no jurisdiction to try appeals.

The only point relied on by the plaintiff in error is, that the that the court below had no jurisdiction to try the appeal.

By the 4th section of the act approved February 9th, 1855, entitled, " An Act to extend the jurisdiction of the County Court of Peoria county," it is provided that " all appeals from the decisions of police magistrates and justices of the peace, made or rendered in said county, shall be taken to the County Court."

The 8th section of article five, constitution of 1848, provides that " said courts (Circuit) shall have jurisdiction in all cases at law and equity, and in all cases of appeals from all inferior courts."

The 18th section of the constitution declares " that the jurisdiction of the County Court shall extend to all probate and such other jurisdiction as the General Assembly may confer in civil cases."

H. GROVE, for Appellant.

E. G. JOHNSON, for Appellee.

CATON, C. J. The word *shall*, in the fourth section of the act of the 9th February, 1855, extending the jurisdiction of the County Court of Peoria county, must be construed to mean *may*. That section reads : ." All appeals from the decisions of police magistrates and justices of the peace, made or rendered in said county, shall be taken to said County Court." To hold this to be imperative, would bring it in conflict with the eighth section of the fifth article of the constitution. That is as fol-

18

lows: " There shall be two or more terms of the Circuit Court held in each county of this State, at such times as shall be provided by law, and said courts shall have jurisdiction in all cases at law and in equity, and in all cases of appeals from all inferior courts." This confers jurisdiction, in all appeals from all inferior courts, upon the Circuit Courts, independently of any legislative enactment on the subject, and we cannot presume that the legislature intended to take away that jurisdiction, but only to give the County Court concurrent jurisdiction, although, but for this constitutional provision, we should construe the word as imperative, and as conferring upon the County Court exclusive jurisdiction of the appeals mentioned. Wherever it is possible, we must so construe the statutes as to make them harmonize with the constitution, and in order to do this, we must construe the word *shall*, in the statute quoted, as permissive, and not mandatory.

The judgment is affirmed.

*Judgment affirmed.*