# CASES

# APPELLATE COURTS OF ILLINOIS.

## THIRD DISTRICT—NOVEMBER TERM, 1902.

### William H. Boyer, Adm'r, v. J. J. H. Onion.

1. STATUTES—*Repeal by Implication Not Favored.*—Repeal of statutes by implication is not favored by our courts.

2. SAME—*Duty of Court Where a Repugnancy Appears Between Two Affirmative Statutes.*—Wherever a repugnancy appears between two affirmative statutes or between two affirmative sections of the same statute, it becomes the duty of the court to so far reconcile them, if possible, that both may stand.

3. SAME—*Etymological Construction of the Language Employed May be Departed from in Discovering Legislative Intent.*—To discover the legislative intent courts will sometimes depart from a strict etymological construction of the language employed.

4. SAME—*" Shall " and " May " Sometimes Considered Convertible Terms.*—Courts frequently hold in ascertaining the legislative intent, that the words " shall " and " may " are to be considered convertible terms.

5. SAME—*Sec. 12 of City Court Act of 1901 Construed.*—It was the intention of the legislature in enacting section 12 of the city court act of 1901, to make the jurisdiction of the city court concurrent with the circuit court within the corporate limits of the city. The legislature did not mean that no appeal from a justice of the peace might be taken to any other than the city court.

6. SAME—*Sec. 24 of the City Court Act of 1901 Construed.*—The language employed in section 24 of the city court act, " All acts or portions thereof in conflict herewith are hereby repealed," has no reference to the provisions for appeal from justices of the peace appearing in the county court act and the justice of the peace act.

Appeal from the County Court of Fulton County; the Hon. MEREDITH WALKER, Judge presiding. Heard in this court at the November term, 1902. Affirmed. Opinion filed April 30, 1903.

(612)

CHIPERFIELD & CHIPERFIELD, attorneys for appellant.

T. C. ROBINSON, attorney for appellee.

MR. JUSTICE HARKER delivered the opinion of the court.

In December, 1901, Lucius L. Wakefield brought suit against appellee before a justice of the peace located within the corporate limits of the city of Canton, Fulton county, Illinois, and recovered judgment by default for ·$170.55. Appellee did not reside within the corporate limits of Canton; nor was he served by summons within the corporate limits. Within the time provided by statute, he perfected an appeal from the judgment to the County Court of Fulton County. Prior to the first term of court thereafter, Wakefield died, and William H. Boyer, administrator of his estate, was substituted as plaintiff. Boyer moved the County Court to dismiss the appeal upon the ground that there is a duly organized city court in Canton and that all appeals from judgments rendered by justices of the peace in the city of Canton should be taken to that court. The County Court denied the motion and, as Boyer stood by his motion, dismissed the suit for want of prosecution, and rendered judgment against him as administrator for costs. He brings the record here by appeal and asks for a reversal of the judgment because of the alleged error of the County Court in refusing to dismiss the appeal.

It is the contention of appellant that an appeal from a judgment of a justice of the peace in a city having a duly organized and existing city court goes to that court, and that where an appeal is taken from a judgment of such justice to the County Court, the County Court does not acquire any jurisdiction of the subject-matter thereof. The contention is based upon sections 12 and 24 of the city court act of 1901, which read as follows:

" Sec. 12. Appeals shall be taken in the first instance from the judgments of justices of the peace or police magistrates in the city to the City Court. Writs of certiorari may issue to remove cause from before such officers to the City Court, there to be heard and determined in like manner as in the Circuit Court."

"Sec. 24.   All acts and portions thereof in conflict herewith are repealed."

Section 7 of the county court act of 1874, which gave to county courts common law jurisdiction, provides that county courts shall have with circuit courts "concurrent jurisdiction in all cases of appeals from justices of the peace and police magistrates."

Section 115 of the act of 1895, revising the law of 1872 governing justices of the peace and constables, directs that appeals shall be granted from judgments of justices of the peace in all cases except on judgments confessed, to either the Circuit Court, the County Court, or the City Court in cities having a city court.

There has been no express repeal of either one of these provisions and they are in force to the extent therein specified unless repealed by section 24 of the city court act of 1901.   Section 12, which directs appeals from justices in the city shall go to the City Court, can not be considered as repealing, to any extent, either one of these provisions. Repeal by implication is not favored by our courts.   Bruce v. Schuyler, 4 Gilm. 221; Ottawa v. La Salle County, 12 Ill. 339; Hume v. Gossett, 43 Ill. 297.   Wherever a repugnancy appears between two affirmative statutes or between two affirmative sections of the same statute, it becomes the duty of the court to so far reconcile them, if possible, that both may stand.   The legislative intent must always be kept in view, of course, and to discover it, courts will sometimes depart from a strict etymological construction of the language employed.   It is the spirit and purpose of the statute which are to be considered in its interpretation, and if these find fair expression in the statute, it should be so construed as to carry out the legislative intent even though such construction is contrary to the literal meaning of some of the provisions of the statute.   And so we find our courts of last resort frequently holding that the words, "shall" and "may" are to be considered as convertible terms in ascertaining legislative intention.   Burns v. Henderson, 20 Ill. 264; Wheeler v. Chicago, 24 Ill. 105; Fowler

v. Pirkins, 77 Ill. 271; Rothschild v. New York Life Ins. Co., 97 Ill. App. 547. Not only does a literal construction of section 12 make it repugnant to the two earlier statutes providing for appeals from justices of the peace to the County Court, but it makes it repugnant to section one of the same act, which specifically provides that the City Court " shall have concurrent jurisdiction with the Circuit Court within the city in which the same may be, in all civil cases and in all criminal cases arising in said city, and in appeals from justices of the peace in said city." Instead of placing a literal construction upon the language employed in section 12, we look to the whole act, and when we do so we see a clear intention on the part of the legislature to make the jurisdiction of a city court concurrent with the Circuit Court within the corporate limits of the city. The legislature did not mean that no appeal from a justice of the peace could be taken to any other than the City Court. Giving to the word, " shall," as it appears in section 12, the meaning of " may," as we believe, expresses the legislative intent. If it does, then the section does not conflict with the section of the justices' act which gives the unsuccessful suitor before a justice of the peace in a city the right to an appeal to either the Circuit Court, the County Court or the City Court.

Again, the jurisdiction of the City Court is bounded by the corporate limits of the city. It can acquire jurisdiction of a non-resident defendant only by service of process within the city. A justice of the peace in the city may acquire jurisdiction of a defendant in any part of the county by service of summons. We can not believe that the legislature ever contemplated giving exclusive jurisdiction of a defendant's appeal who resided without the corporate limits and of whose person it could not acquire jurisdiction in the first instance. It follows from what we have said that the language employed in section 24 of the city court act, "All acts or portions hereof in conflict herewith are hereby repealed," had no reference to the provisions for appeal from justices of the peace appearing in the county court act and the justices of the peace act.

The County Court overruled the motion to dismiss the appeal and, as appellant declined to offer evidence in support of his claim, rightfully dismissed the suit for want of prosecution.