DAYTON, ORVIL L., Jr., Associate Judge.
Sanford W. Padgett was the owner of a tract of land in Orange County upon which he was operating a trailer park with twenty-six trailer spaces and accessory facilities installed and in use at the time of the passage of the Comprehensive Zoning Resolution by the Orange County Board of County Commissioners and the Orange County Zoning Commission. The said Resolution permitted the continued operation of the trailer park as a non-conforming use, but provided that any non-conforming use should not be enlarged or extended.
The Resolution was adopted on May 6, 1957, and during January, 1958, Appellee commenced the .installation of ten additional trailer spaces. Appellants sought injunction restraining the extension of such non-conforming use by Appellee and a mandatory injunction for the removal of all trailer spaces added since May 6, 1957. Appellants’ amended petition for injunction contains no express allegations of fact to indicate that the extension of the trailer park operation constitutes a nuisance, but merely alleges that the extension of the nonconforming use constitutes a public nuisance. The Chancellor below dismissed Appellants’ petition for injunction as not stating a cause of action, from which order this appeal is taken.
In an able opinion the Chancellor cited the case of Philbrick v. City of Miami, 147 Fla. 538, 3 So.2d 144, 146, as the controlling authority on the question presented here. That question being: “Does a petition for injunctive relief alleging only that respondent is violating the conditions of a Zoning Resolution sufficiently state a cause of action without allegations showing the existence of the alleged nuisance *304 and the extent of the damage occasioned thereby?” We agree with the Chancellor that the controlling authority is the Phil-brick case cited above. In that case the Supreme Court of Florida made this observation :
“The most serious legal question presented by this case is the sufficiency of the bill to withstand the motion to dismiss. It will have been observed that the bill does not contain any express allegation that the conduct of the defendant’s business at the place in question constituted either a public nuisance or a private nuisance to the adjoining property owners. If it constituted a mere private nuisance to adjoining or nearby property owners, such adjoining property owners had their remedy. If it constituted a public nuisance, then the city had a right to file the bill. It is well settled that equity will not enjoin prosecutions for the mere violation of penal statutes or ordinances, but it will enjoin the conduct of a business which amounts to a public nuisance, whereby danger and injury is done to the plaintiff, or, where the plaintiff is a public body like a municipality, whereby damage and injury is done to its citizens, property owners and tax payers.”
While the bill under consideration in the Philbrick case did not contain any express allegations that the conduct of the business constituted a nuisance, it did allege that defendants in that case were engaged in the undertaking business within a residential district in violation of the zoning ordinance. The Court further stated:
“The general rule is that in cases in equity brought to enjoin a nuisance, such purpose should be clearly indicated and facts alleged showing the existence of the alleged nuisance and the character and extent of the danger or damage occasioned thereby.”
The effect of the Court’s ruling in the Philbrick case was that although there were no express allegations to the effect that the conduct of the defendant’s undertaking business constituted a nuisance and was injurious to surrounding property owners, the Court predicated its ruling upon the fact that it is well known that any “contact with a funeral home may result in great discomfort, depression and unhappy thoughts”. Citing State ex rel. Skillman v. City of Miami, 101 Fla. 585, 134 So. 541.
It is our view, therefore, that except in cases where the violation of a zoning resolution alleged is such that the Court may take judicial notice of the type of violation as constituting a public nuisance, petitioner must allege sufficient facts to show the existence of the alleged nuisance and the nature and extent of the danger or damage occasioned thereby.
Affirmed.
KANNER, C. J., and ALLEN, J., concur.