FUSSELL, Associate Judge.
This is an appeal from the Florida Industrial Commission from an order of the Circuit Court denying injunctive relief against the appellee, who was operating a nurses’ registry without a license. The complaint charged that the defendant was operating a private employment agency of the type defined in F.S. § 449.01(1), F.S.A., without having first applied for and received a private employment license as required by F.S. § 449, F.S.A. The complaint prayed that an injunction be granted restraining the defendant from operating this or any other nurses’ registry until such time as she had complied with the licensing requirements of F.S. § 449, F.S.A. The defendant failed to file an answer to the complaint and a decree pro confesso was duly entered against her.
Thereafter the' Industrial Commission moved the court to enter a final decree on the pleadings in its favor. On this same day the Circuit Judge, without disposing of the motion for judgment on the pleadings, entered an order denying injunctive relief, and noted therein that the petitioner has a remedy to proceed criminally against any violators of the act and stated further that the Court felt that it had discretion in such matters under F.S. § 449.14, F.S.A.
The Statutes make the acts charged to defendant-appellee a misdemeanor.
F.S. §449.02(5), F.S.A.:
“No person, firm or corporation shall open, keep or carry on any employment agency in the State of Florida unless he shall first procure a license therefor from the commission. Any person, firm, or corporation who shall conduct any agency without first obtaining such license or without paying the fees re *211 quired by this chapter shall he guilty of a misdemeanor and shall be punishable by a fine of not less than fifty dollars and not exceeding five hundred dollars, or on failure to pay such fine, by imprisonment, except in cases of corporate offenders, in the county jail for a period of not exceeding ninety days or by both such fine and imprisonment, in the discretion of the court.”
F.S. § 449.14, F.S.A., provides as follows:
“Additional remedy to control unlawful practices. As an alternative, supplemental and additional remedy, in cases of unlawful practices, the commission may, notwithstanding the procedure prescribed in § 449.13, apply directly to the circuit court of the county wherein the person proceeded against resides, or where any of the unlawful practices, as set out in this chapter, are being committed, for an injunction restraining such person from operating as an employment agent. The court may, in its discretion, grant a temporary injunction restraining the defendant from operating as an employment agency pending the outcome of said cause, and upon final hearing, permanently enjoin him from further operation as an employment agent. The commission shall not be required to give any bond in any proceeding hereunder.”
The question here is: Does the statute give the Circuit Judge, as a matter of discretion, the right to deny the injunction, on the ground that the plaintiff could also proceed criminally, where the complaint adequately charges the violation of the statute and the defendant interposes no defense to the complaint, but allows a decree pro confesso to be entered against her ?
The general rule is that equity has no jurisdiction to enjoin the commission of a crime, but the exception is that equity may grant an injunction when the legislature has specifically, or by clear implication, authorized the injunctive process as a means of restraining violation of a statute. Miami Laundry Co. v. Florida Dry Cleaning and Laundry Board, 134 Fla. 1, 183 So. 759, 119 A.L.R. 956; State Department of Public Welfare v. Bland, Fla., 66 So.2d 59; and Philbrick v. City of Miami Beach, 147 Fla. 538, 3 So.2d 144.
It is therefore apparent, and the attorneys for both parties agree, that the Circuit Judge could have granted the injunction in the instant case.
It is our opinion that this discretion of the Circuit Judge can be exercised only when the defendant interposes a defense and presents evidence to the court which enables the court, in the exercise of a reasonable discretion, to conclude that the facts of the particular case are such that it would be inequitable, unjust or unduly harsh for the injunctive remedy to be granted at this time. When no defense is interposed and no facts as to this particular case are presented by the defendant to the court, there is then no basis for the exercise of a reasonable discretion.
If the court can refuse the injunction without such evidence, it would mean that the court, depending on the legislative views of the judge concerned, could decide that the legislature was ill-advised in enacting this statute and that injunction should not be granted in cases where the petitioner has a remedy to proceed criminally against the violators.
This court has already determined this question in accordance with the above views in the case of Atlas Travel Service Inc. v. Morelly, Fla.App., 98 So.2d 816, 818. In this case the court was asked to restrain a former employee of a travel agency from engaging in a similar business, and from soliciting the patronage of the old customers of his former employer, contrary to an agreement entered into between him and his employer.
*212 F.S. § 542.12, F.S.A., provides as follows:
“ * * * one who is employed as an agent or employee may agree with his employer, to refrain from carrying on or engaging in a similar business and from soliciting old customers of such employer within a reasonable limited time and area * * * so long as such employer continues to carry on a like business therein. Said agreements may, in the discretion of a court of competent jurisdiction be enforced by injunction.”
In ruling upon this matter Mr. Chief Judge Sturgis, speaking for the court, said:
“(3,4) F.S. § 542.12, F.S.A. clearly supersedes the common-law rule enunciated in Love v. Miami Laundry Co., supra. (118 Fla. 137, 160 So. 32, 35). The permissory language of the statute, whereby agreements of the character in suit ‘may’, in the ‘discretion’ of the court, ‘be enforced by injunction/ does not imply that the court is vested with an absolute or arbitrary discretion, and is construed as requiring that the discretion shall be reasonably exercised to the end that the object of the statute may not be nullified. The relief cannot be withheld when the proofs, as in the case on appeal, reveal no other alternative. Weston v. Jones, 41 Fla. 188, 25 So. 888; Mitchell v. Duncan, 7 Fla. 13, 14. The provisions of the instant contract relating to time and area are found to be reasonable, and well within the directive of the statute, and it is not otherwise harsh, oppressive or unjust.”
Of similar import is Scheneman v. Barnett, Fla., 53 So.2d 641:
“(1) Under the provisions of Section 702.06, Florida Statutes 1949, F.S. A., the entry of a deficiency decree ‘for any portion of a deficiency, should one exist, shall be within the sound judicial discretion of the court’. This is not an absolute and unbridled discretion, but one which must be supported by established equitable principles as applied to the facts of the particular case, and the exercise of which is reviewable by this court. Carlson v. Becker, Fla., 45 So.2d 116; Cragin v. Ocean & Lake Realty Co., 101 Fla. 1324, 133 So. 569, 573, 135 So. 795; Taylor v. Prine, 101 Fla. 967, 132 So. 464.
* * * * * *
“(4) In the instant case, we think the ends of justice would be best subserved by re-opening the case for the taking of additional testimony on the question of the denial vel non of a deficiency decree.”
Reversed and remanded with directions to enter a decree granting injunc-tive relief in ■ accordance with the prayer of plaintiff’s complaint.
WIGGINTON, Chief Judge, and CARROLL, DONALD, J., concur.