LILES, Judge.
Pinellas County sought to enjoin a violation of zoning regulations enacted pursuant to Chapter 26164, Laws of Florida, Acts of 1949. The .original complaint alleged that George T. Othen was operating an establishment for the servicing, repair and maintenance of mechanical and electrical contrivances commonly known as “jukeboxes” and “pinball machines” and other similar items, in a zone designated R-4 for residential purposes. Commercial uses in this R-4 classification were prohibited. John C. Hooker was the owner of the property and was allowing it to be used by Othen.
Defendants moved to dismiss the complaint on the grounds that the county did not allege that the violation of the zoning regulations was also a public nuisance. The court dismissed the complaint without prejudice to the county to amend. The county then filed its amended complaint for an injunction and alleged a public nuisance. At the conclusion of the county’s case in chief, the trial court granted a decree in favor of the defendants for the reason that the county had failed to show a public nuisance and relied upon Jacobsen v. Padgett, Fla. App.1959, 108 So.2d 303.
The court went ,on to say that the county had an adequate remedy at law in that the defendants could be prosecuted for violation of zoning ordinances under Section 16, Chapter 26164, Laws of Florida, Acts of 1949; and therefore the county could not maintain an action in equity. This appeal followed. The county raises for our consideration the questions of whether or not a governmental entity which has zoning powers can enforce their regulations by injunc-tive relief when there is also provisions in *562 the statutes for criminal prosecution, and whether a public nuisance must be present before zoning regulations may be enforced by way of injunctive relief.
Section 14 .of Chapter 26164, as amended, Sp.Acts 1965, c. 65-2102, § 3, reads as follows:
“In case any building or structure is erected, constructed, reconstructed, altered, repaired, converted or maintained or any building, structure, land, or water is used in violation of this act or of any other .or of any resolution or other regulation made under authority conferred hereby, the proper local authority of said county, in addition to> other remedies, may institute any appropriate action or proceeding to prevent such unlawful erection, construction, reconstruction, alterations, repair, conversion, maintenance or use, to restrain, correct or abate such violation to prevent the occupancy of said building, structure, land, or water or to prevent any illegal act, conduct, business or use in or about such premises.” (Emphasis added.)
Section 16 provides:
“Any person, firm, partnership or corporation violating any of the provisions of this Act or who shall fail to abide by and obey all orders and resolutions promulgated as herein provided for shall upon conviction thereof be deemed guilty of a misdemeanor and shall be punished therefor as prescribed by law.”
Appellant alleges that to deny the county injunctive relief to enforce zoning regulations and restrict it to criminal procedure would in effect render the zoning regulations useless. We agree and hold that the trial court erred in its ruling.
Section 14 of Chapter 26164, as amended, clearly provides the county with the power to institute “any appropriate action or proceeding to prevent the violation of the zoning regulations,” and goes further to say that the county “can restrain, correct or abate such violation.” Therefore, we conclude that the clear intent of the statute is to provide the county with an additional remedy to enforce its zoning regulations and it may do so in a court of equity by way of injunction.
The remaining question is whether there must also be present a public nuisance before injunctive relief will lie. This court in Jacobsen v. Padgett, Fla.App.1959, 108 So.2d 303, in a case- involving Orange County, held that there must be a public nuisance, and attempted to follow Philbrick v. City of Miami, 1941, 147 Fla. 538, 3 So. 2d 144. We believe that under the statute as quoted above the Jacobsen case is not determinative of the issue presented here. The Supreme Court in Philbrick v. City of Miami, supra, said:
“But aside from this * * * it is hardly reasonable to say that in a case of this kind the city may prosecute these defendants in its own municipal court under the penal provisions of the zoning ordinance, but may not come into a court of equity and enjoin the continued wrongful use by the defendants of their property simply because such wrongful use amounts to a violation of the ordinance. A city zoning ordinance is something more than a mere penal ordinance.” 3 So.2d 144 at page 147.
In the instant case zoning regulations are more than penal in nature and especially is this true since Pinellas County is presently considered to be an urban county. There should be an equitable remedy to enforce zoning regulations when the statute which authorizes zoning carries with it the power to restrain, correct, or abate violations such as in the instant case.
Zoning is progressive in nature as opposed to negative, and regulations may be violated with or without the presence of a public nuisance. A public nuisance standing alone can be abated by proper action and need not necessarily be a violation of a zoning regulation, although it may be. The *563 violation of zoning regulations does not necessarily result in a public nuisance and government entities which are properly authorized should not have the additional burden of proving a public nuisance before they may enforce zoning regulations.
For these reasons the decision of the trial court is reversed and remanded for further proceedings consistent with this opinion.
SHANNON, Acting C. J., and PIERCE, J., concur.