WALDEN, Chief Judge.
This is an interlocutory appeal from a chancery order which denied the defendant’s motion to dismiss. We reverse.
Plaintiff petitioned the trial court for the issuance of an injunction prohibiting defendant from operating a junk yard in violation of the Orange County Zoning Act.
The zoning act in question, ' Chapter 31068, Laws of Florida, Special Acts 1955, was amended by Chapter 63-1716, § 19, Laws of Florida, Special Acts 1963, to provide:
“(a) The Board of County Commissioners or any aggrieved or interested person shall have the right to apply to the Circuit Court of Orange County, Florida, to enjoin and restrain any person violating the provisions of this act, of the comprehensive plan, zoning resolutions and rules and regulations adopted - under this act, and the court shall, upon proof of the violation of same, have the duty to forthwith issue such temporary and permanent injunctions as are necessary to prevent the violation of same.
“ (b) Any person violating any of. the provisions of this act or who shall fail to abide by and obey all orders and resolutions promulgated as herein provided, shall be guilty of a misdemeanor. Each day that the violation continues shall constitute a separate violation.”
The gravamen of plaintiff’s complaint was simply that defendant was operating a junk yard in violation of the act. Omitted were the traditional allegations of nuisance, irreparable damages and lack of a law remedy.
The defendant asserts that the omissions are fatal relying upon Philbrick v. City of Miami Beach, 1941, 147 Fla. 538, 3 So.2d *780 144; Pompano Horse Club v. State ex rel. Bryan, 1927, 93 Fla. 415, 111 So. 801, 52 A.L.R. 51; Jacobsen v. Padgett, Fla.App. 1958, 108 So.2d 303. The plaintiff relies upon the command found in the literal wording of the act to the effect that the Court shall issue an injunction upon mere proof of a violation. The trial court agreed with the plaintiff and in the order appealed recognized that a niusance had not been plead and found as a basis for the denial of the motion that such allegations were not necessary under the terms of the act.
Going straightway to the fundamental point, it is apparent that if the act is valid, the trial court was • correct and the order should be affirmed. However, we cannot vouch that hypothesis.
The special act in question, according to its clear and unmistakable language provides that the court shall, without exception or limitation, issue an injunction upon proof of any violation of the Orange County Zoning Regulations. It matters not one whit that the infraction be trifling; that no one is aggrieved or damaged; that the violation does not constitute a nuisance or is, in fact, not detrimental to the health, morals, peace, or welfare of the citizenry; that the defendant has valid legal and equitable defenses which, but for the legislative act, would deliver him from prosecution; or that the equities and the chancellors discretion oppose the issuance of an injunction. As one reflects upon the uncountable factual situations that could arise under this comprehensive zoning regulation, which, except for the act, would be unworthy of notice, the impropriety of this legislation is manifest.
Finally, the essential wrongness of the act is revealed by the fact that it strips the chancellor of his discretion and reduces him to an automaton who, regardless of traditional considerations of equity and justice, disgorges an injunction upon mere receipt of news that a zoning violation has occurred.[1]
This enactment usurps judicial power in a most offensive and unconstitutional way.[2] The mentioned terms of it which encroach upon the judicial function in requiring the performance of a judicial act without regard to the essential and traditional considerations of law and justice are unconstitutional and are hereby stricken and rendered without effect by this Court upon its own motion.[3] To do otherwise and permit these terms to live and be given application would be to deprive the defendant and the citizens of Orange County of their constitutional right to judicial process.
The order appealed is reversed and the cause remanded with instructions to permit the plaintiff to amend his complaint if he is so advised.
Reversed.
CROSS, J., concurs.
ANDREWS, J., dissents without opinion.

. For general background on the encroachment upon the judiciary by the legislative branch, see those cases collected in 6 Fla.Jur., Constitutional Law, §§ 128-130; 4 Fla.Law & Practice, Constitutional Law §§ 34-37; and the opinion by Justice Caldwell in A.B.C. Business Forms, Inc. v. Spaet, Fla., 201 So. 2d 890, Opinion filed July 19, 1967.

. “Any legislation that hampers judicial action or interferes with the discharge of judicial functions is unconstitutional.” Simmons v. State, 1948, 160 Fla. 626, 628. 36 So.2d 207, 208.

.For cases wherein legislative enactments have been invalidated as encroaching upon the judicial function, see, e. g.: In re Alkire’s Estate, 1940, 142 Fla. 862, 198 So. 475 (weight to be given to evidence in judicial proceedings is not a matter for legislative regulation); Hay v. Isetts, 1929, 98 Fla. 1026, 125 So. 237, followed in Snyder v. Allen, 1930, 100 Fla. 733, 129 So. 870 (whether a party is an essential or necessary party to an adjudication is ultimately a judicial, not a legislative, question.)