212 So.2d 641 (1968)
E. Gene RICH, As Planning and Zoning Director, Orange County Planning and Zoning Commission, Appellant,
v.
Bruce A. RYALS and Bruce A. Ryals Enterprises, Inc., Appellees.
No. 36838.
Supreme Court of Florida.
July 2, 1968.
Giles, Hedrick & Robinson and William S. Turnbull, Orlando, for appellant.
Robert W. Olsen, Orlando, for appellees.
ROBERTS, Justice.
We here review by direct appeal a decision by the District Court of Appeal, Fourth District, initially construing and *642 holding unconstitutional Section 19, Chapter 63-1716, Laws of Florida, Special Acts of 1963. The lower court order had sustained a bill in equity for injunction and required the defendants to answer within a period of twenty days. The appellant here, who was the plaintiff in the trial court (appellee in the District Court of Appeal) petitioned the trial court for the issuance of an injunction prohibiting the defendants from operating a junk yard in violation of the Orange County zoning law. The zoning act in question, Chapter 31068, Laws of Florida, Special Acts of 1955, was amended by Chapter 63-1716, supra, such amendment, among other things, providing:
Section 19.
"(a) The Board of County Commissioners or any aggrieved or interested person shall have the right to apply to the Circuit Court of Orange County, Florida, to enjoin and restrain any person violating the provisions of this act, or the comprehensive plan, zoning resolutions and rules and regulations adopted under this act, and the court shall, upon proof of the violation of same, have the duty to forthwith issue such temporary and permanent injunctions as are necessary to prevent the violation of same.
"(b) Any person violating any of the provisions of this act or who shall fail to abide by and obey all orders and resolutions promulgated as herein provided, shall be guilty of a misdemeanor. Each day that the violation continues shall constitute a separate violation."
The plaintiff, who was Planning and Zoning Director, Orange County Planning and Zoning Commission, simply alleged that defendants were operating a junk yard in violation of the Act. The traditional allegations of nuisance, irreparable damages, and lack of an adequate remedy at law were omitted, plaintiff relying on the 1963 Act as providing a right to an injunction. Because of these omissions the defendants moved to dismiss the complaint, with the Zoning Director contending that he was entitled to an injunction on a mere proof of a violation. The trial court took note of the absence of the allegations of nuisance, irreparable damages, and a lack of adequate remedy at law, and denied the motion to dismiss for the reason that such allegations were not necessary under the terms of the Act. In reversing the trial court, the District Court of Appeal, 202 So.2d 779 said:
"Going straightway to the fundamental point, it is apparent that if the act is valid, the trial court was correct and the order should be affirmed. However, we cannot vouch that hypothesis."
The District Court then proceeded to initially consider the constitutionality, velnon, of Section 19 of the 1963 amendment and held it to be unconstitutional for the reason:
"This enactment usurps judicial power in a most offensive and unconstitutional way. The mentioned terms of it which encroach upon the judicial function in requiring the performance of a judicial act without regard to the essential and traditional considerations of law and justice are unconstitutional and are hereby stricken and rendered without effect by this Court upon its own motion. To do otherwise and permit these terms to live and be given application would be to deprive the defendant and the citizens of Orange County of their constitutional right to judicial process." Citing Simmons v. State, 160 Fla. 626, 36 So.2d 207; In re Alkire's Estate, 142 Fla. 862, 144 Fla. 606, 198 So. 475; and Hay v. Isetts, 98 Fla. 1026, 125 So. 237.
A casual examination of the Orange County Zoning Law will show that it provides ample protection to citizens and property owners in that County by the prerequisite of holding public hearings before the adoption of zoning classifications and an appropriate method of appeal is provided. The appellees contend that since the statute uses the word "shall" in providing *643 for the issuance of an injunction that it mandates a chancellor to grant an injunction and that such is an unjustified invasion of the province of the judiciary by the legislative branch of the government. We do not agree.
Volume 30, Fla.Jur., under Statutes, Section 8, says:
"Although the word `shall' normally has a mandatory connotation, and the word `may' normally has a permissive connotation, mandatory language used in a statute may, in a proper case, be construed as permissive only. Indeed, the word `shall' or `must' is sometimes construed as meaning `may'." (Emphasis added.)
The question is not new to this court. In Fagan v. Robbins, 96 Fla. 91, 117 So. 863, this court said:
"The reasoning and conclusion of this decision is supported by the Supreme Court of Washington in Clancy v. McElroy, 30 Wash. 567, 70 P. 1095; in Boyer v. Onion, 108 Ill. App. 612; Becker v. Lebanon [& M. St. Ry. Co.], 188 Pa. 484, 41 A. 612, in which latter case the court say:
"`The word "shall" when used by the Legislature to prescribe the action of a court is usually a grant of authority, and means "may," and even if it be intended to be mandatory it must be subject to the necessary limitation that a proper case has been made out for the exercise of the power.'"
Again, in Schneider v. Gustafson Industries, Inc., 139 So.2d 423, this court said:
"A finer issue arises, however, from the clause of the statute here in question providing in further imperative language that `the Commission shall dismiss' upon failure of an appellant to file a transcript `within the time specified or within such time as allowed by the commission pursuant to petition for an extension of time as aforesaid.' This language, construed as any penal provision must be in a strict or literal sense, does not in our opinion amount to an express prohibition against the exercise of discretion in such dismissal or against the application of a rule of substantial as opposed to strict compliance."
It has long been the policy of this court in the interpretation of statutes where possible to make such an interpretation as would enable the court to hold the statute constitutional. It is therefore our opinion and we hold, that since the Legislature is without authority to mandate a court of equity to issue an injunction, and since we are to presume that the Legislature intended to pass a valid and constitutional act, the word "shall" as used in Section 19 of Chapter 63-1716, Laws of Florida, Special Acts of 1963, is permissive and not mandatory, and for that reason it was error for the District Court of Appeal to hold that the word "shall" amounted to a mandate and invalidated the involved Section 19.
Having held the Act to be valid, we then reach the question of whether or not the complaint merely alleging a violation of the zoning ordinance is sufficient on its face to justify injunctive relief. We think it is. In 17 Fla.Jur., Injunctions, Section 47, it is stated:
"When the interests of the state or other political division or the interests of those entitled to its protection are affected by criminal acts or practices, the state, acting through its governmental agencies, may invoke the jurisdiction of equity to have them restrained. In such cases, the presence of actual injury is not an essential element." (Emphasis added.)
We cite with approval from Florida Industrial Commission v. Hurlbert, Fla.App., 114 So.2d 209, this language:
"The general rule is that equity has no jurisdiction to enjoin the commission of *644 a crime, but the exception is that equity may grant an injunction when the legislature has specifically, or by clear implication, authorized the injunctive process as a means of restraining violation of a statute. Miami Laundry Co. v. Florida Dry Cleaning and Laundry Board, 134 Fla. 1, 183 So. 759, 119 A.L.R. 956; State Department of Public Welfare v. Bland, Fla., 66 So.2d 59; and Philbrick v. City of Miami Beach, 147 Fla. 538, 3 So.2d 144."
In Pinellas County v. Hooker, Fla.App., 200 So.2d 560, in dealing with a very kindred question, that court said, and we also cite with approval:
"Defendants moved to dismiss the complaint on the grounds that the county did not allege that the violation of the zoning regulations was also a public nuisance. The court dismissed the complaint without prejudice to the county to amend. The county then filed its amended complaint for an injunction and alleged a public nuisance. At the conclusion of the county's case in chief, the trial court granted a decree in favor of the defendants for the reason that the county had failed to show a public nuisance and relied upon Jacobsen v. Padgett, Fla.App. 1959, 108 So.2d 303.
"The court went on to say that the county had an adequate remedy at law in that the defendants could be prosecuted for violation of zoning ordinances under Section 16, Chapter 26164, Laws of Florida, Acts of 1949; and therefore the county could not maintain an action in equity. This appeal followed. The county raises for our consideration the questions of whether or not a governmental entity which has zoning powers can enforce their regulations by injunctive relief when there is also provisions in the statutes for criminal prosecution, and whether a public nuisance must be present before zoning regulations may be enforced by way of injunctive relief.
* * * * * *
"Appellant alleges that to deny the county injunctive relief to enforce zoning regulations and restrict it to criminal procedure would in effect render the zoning regulations useless. We agree and hold that the trial court erred in its ruling.
"Section 14 of Chapter 26164, as amended, clearly provides the county with the power to institute `any appropriate action or proceeding to prevent the violation of the zoning regulations,' and goes further to say that the county `can restrain, correct or abate such violation.' Therefore, we conclude that the clear intent of the statute is to provide the county with an additional remedy to enforce its zoning regulations and it may do so in a court of equity by way of injunction.
"The remaining question is whether there must also be present a public nuisance before injunctive relief will lie. This court in Jacobsen v. Padgett, Fla. App. 1959, 108 So.2d 303, in a case involving Orange County, held that there must be a public nuisance, and attempted to follow Philbrick v. City of Miami [Beach], 1941, 147 Fla. 538, 3 So.2d 144. We believe that under the statute as quoted above the Jacobsen case is not determinative of the issue presented here. The Supreme Court in Philbrick v. City of Miami Beach, supra, said:
"`But aside from this * * * it is hardly reasonable to say that in a case of this kind the city may prosecute these defendants in its own municipal court under the penal provisions of the zoning ordinance, but may not come into a court of equity and enjoin the continued wrongful use by the defendants of their property simply because such wrongful use amounts to a violation of the ordinance. A city zoning ordinance is something more than a mere penal ordinance.' 3 So.2d 144 at page 147.

*645 "In the instant case zoning regulations are more than penal in nature and especially is this true since Pinellas County is presently considered to be an urban county. There should be an equitable remedy to enforce zoning regulations when the statute which authorizes zoning carries with it the power to restrain, correct, or abate violations such as in the instant case.
"Zoning is progressive in nature as opposed to negative, and regulations may be violated with or without the presence of a public nuisance. A public nuisance standing alone can be abated by proper action and need not necessarily be a violation of a zoning regulation, although it may be. The violation of zoning regulations does not necessarily result in a public nuisance and government entities which are properly authorized should not have the additional burden of proving a public nuisance before they may enforce zoning regulations."
For the reasons stated, we hold that the complaint on its face states a cause of action for injunction. It is noteworthy, however, that the chancellor has allowed time for the defendants to answer thereby providing an opportunity to assert equitable defenses, if any, including laches or estoppel where such exists, all of which can be considered and determined by the chancellor on final hearing.
We are not unmindful of a contrary rule stated by the District Court of Appeal, Second District, in Jacobsen v. Padgett, 108 So.2d 303. Since both the Jacobsen v. Padgett, supra, and Pinellas County v. Hooker, supra, are from the same District Court of Appeal, it is clear that Pinellas County v. Hooker, with which we agree, clearly overrules Jacobsen v. Padgett.
Accordingly, the decision of the District Court here under review is quashed with directions that the cause be remanded to the trial court for further proceedings not inconsistent with this opinion.
It is so ordered.
CALDWELL, C.J., THORNAL, ERVIN and ADAMS, JJ., and SPECTOR, District Court Judge, concur.
DREW, J., concurs specially with Opinion.
DREW, Justice (specially concurring):
Ever since the decision in Village of Euclid, Ohio v. Ambler Realty Company[1] and in the few scattered cases involving basic principles of zoning prior to that time, the courts of chancery of this country have used the injunctive power  negatively and affirmatively  in zoning litigation. In the early cases injunction and mandamus were the usual remedies resorted to. In more recent times the declaratory judgment acts have been utilized but there can be no doubt now, nor has there been any doubt in this State at least since Philbrick v. City of Miami Beach,[2] of the power of the equity courts to use the injunctive process on behalf of the public authorities to enforce the lawful provisions of valid zoning regulations which regulations, since Village of Euclid, Ohio v. Ambler Realty Company, have enjoyed the presumption of validity. In Philbrick v. City of Miami Beach this Court summarized its views in the following language:
"It is hardly reasonable to say that a zoning ordinance, protecting millions of dollars of investments in a city the size of Miami Beach, can only be enforced by invoking the penal provisions thereof in a court of limited jurisdiction, such as the municipal police court. Our view is that the municipality can also, in proper cases, seek the aid of the strong arm of equity to enjoin the further and continued unlawful use of property in violation *646 of an ordinance which, as in this case, so vitally affects the interests of its citizens and property owners, and the general welfare of it inhabitants."
A specific grant of power in a statute or under a zoning regulation is not necessary to vest such jurisdiction in the equity courts. Our Constitution grants to courts of equity in this State the power to issue injunctions. It is a universal rule that courts will not deny to a public body an injunction restraining criminal acts harmful or destructive to property rights of its own or those held in trust for the public.[3] This injunctive power is available not only to the public authorities in enforcing these presumptively valid regulations made on behalf of the public generally but are also available to any property owner or citizen adversely affected by any such regulation which may for any reason be invalid or unenforceable as applied to his property.
While I am in accord with the views expressed by Mr. Justice Roberts in the able majority opinion concerning the constitutionality of the questioned statute, I do not think that the decision in this case turns upon such question. Even though the complaint alleged the existence of the statute, such allegation was unnecessary. The trial court held the complaint stated a cause in equity for injunction and we are concerned with the correctness of that ruling, not the reasons assigned therefor. The trial court allowed the property owner twenty days in which to file defenses. These injunctive proceedings work no hardship upon the property owner. On the contrary it provides an orderly, efficient and workable plan for the enforcement of zoning regulations and the disposition of questions affecting the validity thereof. For these, as well as the reasons assigned in the majority opinion, it is my view that the chancellor below was entirely correct in overruling the motion to dismiss the complaint and retaining the cause for decision on the merits.
NOTES
[1] 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303.
[2] 3 So.2d 144.
[3] 28 Am.Jur. Injunctions, Section 151. Also see 152, 157, 159; 17 Fla.Juris.Injunctions, Sections 48, 49.