**HEINLEIN, et ux v. DADE COUNTY.**
No. 66-L-5206.
Circuit Court, Dade County.
October 15, 1969.

Carvajal & Lieberman, Miami, for plaintiffs.

Thomas C. Britton, County Attorney, Thomas P. Abbott, Assistant County Attorney, for the defendant.

MARTIN SACK, Circuit Judge.

*Final declaratory judgment:* Pursuant to the mandate of the District Court of Appeal, Third District, this court vacated the ordering paragraph of its judgment of April 19, 1968, and granted leave to the plaintiffs to amend their complaint. An amended complaint was filed, which was answered by the defendant, and then the cause duly came on to be tried. The court has considered the testimony, the "Legal Issues Involved" submitted by the parties, and the arguments of counsel.

The amended complaint added practically nothing to the original complaint, except some further legal conclusions and the combining of two paragraphs of legal conclusions (6 and 7) into one. Again, there are no factual allegations in the complaint, nor any evidence, concerning the application of specific or particular provisions of the housing code in respect to building standards to the plaintiffs, except the broad legal issues involving the right of inspection of the premises, the issuance of search warrants, the defendant's right and power to impose both civil and criminal sanctions, and alleged impairment of obligations between plaintiffs and their tenants.

So far as arguments concerning screens, bathrooms, plumbing, fixtures, garbage cans or any other of the multitude of details prescribing minimum standards for housing, there is not a single

allegation, nor a word of testimony, concerning the indefiniteness of any particular standard, or its vagueness, in its application to the plaintiffs, although it is clear from this court's former judgment and the opinion of the District Court of Appeal that this was the major defect for which plaintiffs were given leave to amend. Again, this court holds that the Declaratory Judgment Act does not countenance an advisory opinion as to the application of the code under any hypothetical or unstated sets of facts or circumstances, of which there could be myriads involved in such a comprehensive code, 9 Fla. Jur., §§9 and 10, *Declaratory Judgments,* unless the plaintiffs are particularly affected by the application to them of certain provisions.

Proceeding then to the legal issues which are directly, or inferentially, propounded and entitled to be answered, even under the most liberal view of the amended complaint and proof, as framed by the prayer of the amended complaint, and the alleged legal issues submitted by the parties, it is hereby adjudged and declared —

Chapter 17 of the Code of Metropolitan Dade County is valid and constitutional.

Sections 17-10, 17-11 and 17-13 are constitutionally valid and reasonable implementations of the police power. See Camara v. Municipal Court of the City and County of San Francisco, 18 L.E.2d 930, 87 S. Ct. 1727 (1967), and See v. City of Seattle, 18 L.E.2d 943.

Section 17-15, providing for both civil and criminal sanctions, does not constitute double jeopardy. (Pinellas County v. Hooker Fla. App. 1967, 200 So.2d 560; 9 Fla. Jur., *Criminal Law,* §§193-194).

No facts have been alleged nor any testimony adduced tending to show that §§17-23, 17-24, 17-25, 17-26 and 17-27 *as applied to the plaintiffs* are so unreasonably vague and indefinite as to be in violation of plaintiffs' constitutional rights.

The issuance of a search warrant issued by a judge of the metropolitan court, in connection with chapter 17, is constitutionally valid. Joyner v. City of Lakeland, Fla. 1956, 90 So.2d 118, and article VIII, §11, Florida Constitution of 1885.

The provisions of chapter 17 do not impair the obligation of contracts between plaintiffs and their tenants, in violation of plaintiffs' constitutional rights. In the exercise of its police power the county may place the primary burden of compliance upon the owner; and tenancies and leaseholds which attempt to shift the burden contrary to the code are void, as to Dade County, though

they continue enforceable between the parties to the rental agreement. Thus, there is no interference with contractual rights or duties.

Plaintiffs' prayers for further relief are in all respects denied.