## CITY OF ATLANTIS v. HERRON, et ux.

No. 73-250-CA(L)-01.

Circuit Court, Palm Beach County.

March 26, 1974.

Ronald E. Jones, West Palm Beach, for the plaintiff.

Joseph P. Metzger, West Palm Beach, for the defendants.

LEWIS KAPNER, Circuit Judge.

Defendants are the owners of a one-story condominium apartment known as the "Villas." On June 16, 1972 they applied for and were issued a permit to construct a swimming pool. The building plans, which were approved by the municipality, clearly showed that there was no surrounding fence. The pool was completed in the fall of 1972.

On June 5, 1972 the city adopted ordinance 54 which deleted the former ordinance (15) governing this question and added to it the City Zoning Code, ordinance 24. This action was taken in response to the fact that the condominium apartments known as the "Villas" had not been required to erect enclosures around their swimming pool.

Ordinance 15 reads as follows —

"Every person owning land on which there is situated a swimming pool, fish pond or other body of water which constitutes an obvious hazard and contains eighteen inches or more in depth at any point, shall erect and maintain thereon an adequate enclosure either surrounding the property or pool area, sufficient to make such a body of water inaccessible to small children."

The new zoning code deleted the reference to "an obvious hazard" and simply requires that all swimming pools, wading pools and bathing pools (other than portable children's wading pools less than eighteen inches in depth) shall be surrounded by a proper enclosure sufficient to make such pool inaccessible to small children.

Defendants claim that they built the pool in reliance upon their interpretation that the ordinance applies only to pools which constitute obvious hazards, and in reliance upon the fact that, in fact, other similar condominium apartments had unenclosed pools. Subsequent to the trial, defendants submitted a brochure apparently prepared by the city of Atlantis exhibiting such pools. The city claims that it had verbal discussions about the necessity for the fence, but that it was not required in defendants' plans because it was considered to be a separate construction.

Three issues are presented here —

I   *Is the ordinance so vague and indefinite as to be invalid?*

II   *Is injunctive relief appropriate?*

III   *Is the city equitably estopped from enforcing this zoning regulation?*

The court does not consider the issue of equal protection to be relevant because the evidence does not establish a pattern of discrimination or an intent to discriminate.

## I

The fact that a statute may be subject to more than one interpretation does not render it invalid since most statutes fit into this category. Therefore, the court holds the ordinance to be valid.

## II

It is well settled that injunctive relief does not lie to enjoin the mere violation of penal statutes or zoning ordinances. On the other hand, the fact that an act is a crime will not *preclude* such relief. 17 Fla. Jur., *Injunctions*, §46. Plaintiff, in effect, concedes this in its complaint in that it alleges not simply a violation of the zoning code but that the alleged violation — "constitutes a hazardous and

dangerous condition which endangers the health and welfare of residents of the city of Atlantis [and that] unless the defendants comply with the ordinance by enclosing their swimming pool, death or irreparable injury will possibly result."

It is necessary, therefore, in order for the city to prevail, that defendants' use of their property be shown to constitute a nuisance or a danger to the health and welfare of the residents of the city of Atlantis.

An unenclosed swimming pool does not per se constitute such a hazard. See 23 Fla. Jur., *Negligence,* §§63, et seq. Although a violation of a zoning ordinance such as this may constitute negligence per se and impose civil liability upon defendants in the event of injury therefrom, 62 Am. Jur. 2d, *Premises liability,* §180, the city is authorized to enjoin only nuisances or hazards, and not acts of negligence. See Philbrock v. City of Miami Beach, (Sup. Ct., 1941) 3 So.2d 144 (concurring opinion). The evidence has failed to establish that defendants' use of their pool without a fence consitutes a nuisance or hazard or has a substantial deleterious effect on general property values.

It is thereupon ordered that injunctive relief is denied.

This court is not unmindful of the case of Rich v. Ryals (Sup. Ct., 1968) 212 So.2d 641, which held that cities may enjoin a violation of zoning regulations without having the additional burden of proving a public nuisance. However, *Rich* cited Mr. Chief Justice Brown's concurring opinion in *Philbrock* with approval, as this court has done, and *Rich* further held that injunction proceedings remain an equitable remedy. This would require something more than a mere violation of a code.

### III

This case being decided on the issue of injunctive relief, the question of equitable estoppel need not be decided — however, since a suit for injunction is in equity, the issue of equitable estoppel, if applicable, is pertinent.

The court is of the opinion that this issue presents yet another bar to the injunctive relief sought by the city.

The doctrine of equitable estoppel holds that one who induces another to change his position cannot then assert rights against that person stemming from that change in position. Put another way, a plaintiff cannot resort to the injunctive process to relieve him against the very action to which he consented or encouraged. This defense is applicable even against municipal corporations in cases of zoning violations. 42 Am. Jur. 2d, *Injunctions,* §68.

150

As applied to actions to enforce zoning regulations, the doctrine would preclude a city from enforcing its zoning code against one who has incurred substantial expense in time, money or effort, in good faith reliance upon the city's grant of permission to build. Although the evidence here is in conflict, the court resolves the factual issue in favor of the defendants. The city had ample opportunity (see §7, paragraph 3, Zoning Ordinance 24) to require the defendants to clearly commit themselves in writing to building a fence *before* they went to the expense and trouble of building the pool, but it failed to do so. The defendants acted in good faith and with reasonable reliance upon lawfulness in building the pool without the enclosure.

It is thereupon ordered that judgment be entered in favor of defendants.